Estate of Salzwedel, 171 Wis. 441.

## ESTATE OF SALZWEDEL.

*April 8—May 4, 1920.*

*Wills: Bill of sale testamentary in purpose: Gifts: Delivery essential: Statute of frauds: Void contract as basis for quantum meruit: As measure of recovery: Appeal: Error not affecting party appealing.*

1. A bill of sale of "all our personal property which we may possess at our death," conveys no present title and is purely testamentary, and, not being executed as required for the execution of wills, is ineffective.
2. In the absence of a delivery of property, the transaction did not amount to a gift, delivery being an essential element of a gift either *inter vivos* or *causa mortis.*
3. While a person rendering services for another which would otherwise be *gratuitous* may recover therefor on proof that they were rendered pursuant to an express promise or agreement to pay, though such promise or agreement was void under the statute of frauds, the recovery must be on *quantum meruit,* and the void contract may be invoked only for the purpose of rebutting such presumption and not for the purpose of measuring the recovery.
4. Where the administratrix of a mother's estate presented a claim against the estate of a deceased son, and his administratrix presented a claim against the mother's estate for the entire estate under a void agreement, and on trial of the consolidated claims the court adjudged that certain certificates of deposit belonged to another son, the question whether such certificates belonged to the mother cannot be reviewed on appeal by the administratrix of the deceased son, where the mother's administratrix did not appeal.

APPEAL from a judgment of the circuit court for Marquette county: BYRON B. PARK, Judge. *Affirmed.*

Gottlieb Salzwedel and Henrietta Salzwedel were the parents of Julius Salzwedel, *August Salzwedel,* and *Melvina Krueger.* On May 13, 1913, the parents conveyed to Julius a farm consisting of 120 acres of land of the value of $5,000, and on the same day Henrietta signed the following writing:

"For and in consideration of one dollar and other valuable consideration, I, Gottlieb Salzwedel, of the town of

Mecan, Wisconsin, do hereby sell, transfer, and set over to Julius Salzwedel all our personal property which we may possess at our death."

This writing was not signed by Gottlieb.    In 1904 they had conveyed to Julius another farm of 157 acres, worth $6,000, located about a mile and a half from the 120-acre farm conveyed on May 13th.    It appears that the parents continued to reside on the 120-acre farm.    Julius resided on the 157-acre farm and worked the 120-acre farm on shares until the death of Gottlieb, a few years after the execution of the said deed and bill of sale, when Julius and his family moved to the 120-acre farm and lived thereon with Henrietta.

On September 13, 1917, Julius and Henrietta were injured in an automobile accident, and both died on that day, Henrietta surviving Julius by a few hours.    At the time of her death Henrietta owned certain farm machinery, live stock, and farm produce situated on the 120-acre farm, $48 in cash, one certificate of deposit for $500 in the First National Bank at Princeton, Wisconsin, "payable to the order of self, or in case of death pay to her sons *August* or Julius;" another certificate of deposit for $400 in the same bank, "payable to the order of self or her sons *August* or Julius."    Upon the reverse side of such certificate of deposit there was stamped the following: "The money herein deposited is owned jointly by the persons named and is subject to the order of either.    The balance at the death of either to belong to the survivor."    There were also two instruments evidencing indebtedness from Julius to Henrietta.    These instruments read as follows: "April 16, 1918.    Julius has one hundred dollars borrowed from mother."    (This memorandum was in the handwriting of Julius, but was not signed.)    "August 13, 1917.    Julius has four hundred dollars borrowed from mother," signed Julius Salzwedel, *Anna Salzwedel.*

Letters of administration were issued on the estates of

Julius and Henrietta, respectively. The administratrix of the estate of Henrietta filed a claim against the estate of Julius for the indebtedness evidenced by the above memoranda. The administratrix of the estate of Julius filed a claim against the estate of Henrietta for her entire estate, praying for a judgment assigning to the estate of Julius Salzwedel, deceased, the entire estate of said Henrietta Salzwedel, deceased. The county court allowed the claim of the estate of Julius against the estate of Henrietta, in full, and disallowed the claim of the estate of Henrietta against the estate of Julius. Appeal was taken to the circuit court, where the respective claims were consolidated and tried as one matter. The circuit court rendered judgment allowing the claim of the estate of Henrietta against the estate of Julius for the amount of the indebtedness as evidenced by the memoranda above set forth and for $48 in cash, and disallowing the entire claim of Julius against the estate of Henrietta, except for the farm machinery, live stock, and personal property, which was awarded to the estate of Julius. From the judgment so entered the administratrix of the estate of Julius appeals.

For the appellant there were briefs by *D. W. McNamara* and *A. B. Hull,* both of Montello, and oral argument by *Mr. McNamara.*

For the respondent there was a brief by *Lehner & Lehner* of Oconto Falls, and oral argument by *Philip Lehner* of Princeton.

OWEN, J. The rights of the parties depend upon the effect to be accorded the so-called bill of sale executed May 13, 1913. Appellant claims that it is efficient to vest in the estate of Julius (he having predeceased Henrietta) all the right, title, and interest of Henrietta in and to all personal property of which she died seized, including money and choses in action. The trial court found that the deed and bill of sale executed May 13, 1913, "are writings which very

imperfectly attempt to evidence an agreement between Gottlieb, Henrietta, and Julius Salzwedel, by which the latter agreed in consideration of the present transfer to him of the 120 acres of land, and at the death of his parents all the personal property then on said farm, to care for his parents and in some measure to provide for them. That this agreement was in the nature of what is commonly called a 'Bread contract,' especially in what Julius promised to do by way of care and support of his parents." The contest in the circuit court seemed to involve the question of whether, by the bill of sale, it was the intention of Gottlieb and Henrietta to transfer title to money and choses in action as well as other forms of personal property. The court took evidence tending to throw light upon the intention of the parties and found that "it was the intention of Gottlieb Salzwedel, Henrietta Salzwedel, and Julius Salzwedel that the writing, 'Exhibit Z' (bill of sale), should cover the personal property on said 120-acre farm at the time of its execution, commonly known as farm property, such as stock, machinery, and farm products which should be in existence at the time of the death of the survivor of them, and all other such farm property thereafter acquired and in existence at the time of the death of the survivor of them; but that it was not intended that said 'Exhibit Z' (bill of sale) should transfer to Julius the title or ownership at any time of the aforesaid money, certificates of deposit, and other evidences of debt, or any other money that might be owned or belong to Henrietta Salzwedel at the time of her death."

Appellant strenuously contends that this finding is not supported by the evidence. Respondent combats this contention and urges further that the bill of sale does not pretend to be a transfer *in præsenti*, but purports only to vest title in Julius after the death of Gottlieb and Henrietta; that it is testamentary in character and void because not executed as a testamentary document. While we may say, in pass-

ing, that the finding of the trial court with reference to the intention of the parties is well sustained by the evidence, we hold as a matter of law that the bill of sale is inefficient to vest in the estate of Julius any right or title to the property of which Henrietta died seized. It is clear that the bill of sale does not presently convey, or intend to convey, title. It does not convey the property which the parents then owned. Title thereto remains in the parents. It only purports to vest title in Julius upon the death of the parents. Its purpose was therefore purely testamentary, and, not being executed in the manner required for the execution of wills, it must fail as a testamentary document. *Schultz v. Becker,* 131 Wis. 235, 110 N. W. 214. It is perfectly clear, too, that the transaction did not amount to a gift, because there was no delivery of the property, which is an essential element of a gift either *inter vivos* or *causa mortis.* It follows that the claim of the estate of Julius against the estate of Henrietta is entirely baseless and was properly disallowed by the circuit court.

So far as the claim of the estate of Henrietta against the estate of Julius is concerned, there is no contention that the memorandum, mentioned in the statement of facts, upon which the claim is founded, does not represent an indebtedness from Julius to Henrietta, but it is claimed that it passed to Julius by virtue of the bill of sale, which, as we have seen, was of no effect. The claim in favor of the estate of Henrietta against the estate of Julius, therefore, was properly allowed.

It is suggested in appellant's brief that even if the bill of sale is void, nevertheless the court found that there was a sufficient consideration therefor, by virtue of the agreement on the part of Julius to support the parents so long as they lived, to constitute a basis for the claim filed against the estate of Henrietta, under authority of such cases as *Ellis v. Cary,* 74 Wis. 176, 42 N. W. 252; *Martin v. Estate of Martin,* 108 Wis. 284, 84 N. W. 439; and *Loper v.*

*Estate of Sheldon,* 120 Wis. 26, 97 N. W. 524.   The principle of those cases is that a person rendering services for another, which would otherwise be gratuitous, may recover therefor on *quantum meruit* on proof that they were rendered pursuant to an express promise or agreement by the one receiving the services to compensate therefor, even though such promise or agreement was void under the statute of frauds.   Those cases do not hold that the void contract can be resorted to for the purpose of measuring the amount of the recovery, but that it may be invoked for the purpose of rebutting the presumption that the services were gratuitously rendered.   The recovery must be on *quantum meruit*.   In this case no claim was presented upon such a theory and no proof was offered concerning the reasonable value of the services rendered, consequently the principle of those cases has no application.

By the judgment of the circuit court it was adjudged "that the certificates of deposit for the sum of $400 and $500, respectively, belong to *August Salzwedel,* and are hereby ordered to be delivered to him."   Appellant contends that this was error; that the certificates of deposit belonged to Henrietta at the time of her death and that there had never been any delivery thereof so as to vest *August* with title thereto prior to the death of Henrietta, and refers to the case of *Dupont v. Jonet,* 165 Wis. 554, 560, 162 N. W. 664.   It must be admitted that there is grave doubt concerning the correctness of this disposition of the certificates of deposit.   But that question is not presented by this appeal.   The only question presented by the appeal of the administratrix of the estate of Julius is whether the court erred in holding that the estate of Julius had no title to these certificates.   The appeal does not present the question of whether the certificates belong to *August*.   The party adversely affected by that decision is the administratrix of the estate of Henrietta, and she has not appealed.   The question, therefore, is not before us for review.

The view we take of the effect of the bill of sale makes it unnecessary to consider errors assigned upon the admission and rejection of testimony.

*By the Court.*—Judgment affirmed.