WILLIAMS and another, Appellants, vs. JONES, Respondent.

*December 9, 1927—January 10, 1928.*

*Gifts causa mortis: Necessity of delivery.*

A memorandum evidencing the intent of the owner of personal property to dispose of it by will rather than by gift, and containing provisions usually contained in a will, is *held* not to have constituted a gift of such property in the absence of delivery of the property or of the memorandum, or a parting by the owner with the possession or right of disposition of the property.

APPEAL from a judgment of the county court of Iowa county: ALDRO JENKS, Judge. *Affirmed.*

*J. Charles Pile* of Dodgeville, for the appellants.

For the respondent the cause was submitted on the brief of *James E. O'Neill* of Dodgeville.

DOERFLER, J.   On the 7th day of July, 1926, Elizabeth Jones, a resident of the village of Barneveld, Iowa county, was the owner of certain parcels of real estate and certain articles of personal property consisting of live stock and farm machinery, which personal property was in the possession of her tenant and situated upon her farm.   Being in ill health, and with a view of making some disposition of her property, she requested one Jerome J. Jones, a banker in said village, to draft a memorandum to evidence a disposition of said property.   Before said Jerome J. Jones had arrived at the home of the deceased, Elizabeth Jones, she had drafted several documents which she submitted to Jerome, but which documents did not meet with his approval. He thereupon made three separate efforts to comply with her expressed desire, and finally succeeded in that respect when he completed the drafting of the following document, to wit:

"Barneveld, Wisconsin, July 7, 1926.

"I, Elizabeth Jones, realizing the uncertainty of life, do hereby direct that should I die before I have otherwise dis-

posed of the same, that all live stock on my farm south of Barneveld at the time of my death be delivered to *Irving* and *Maynard Williams,* share and share alike, and that they be not required to make any payment for the same. I further direct that *Byron Jones* collect any and all debts due to me from any and all sources, and hereby authorize him to sign and indorse any certificate of deposit or other documents requiring my signature, and that he pay out of such sum all my funeral charges and just debts, and fifty ($50) dollars to the White Church Cemetery Association for perpetual upkeep of my lot in said cemetery. All the balance of funds on hand after said payments are made I direct *Byron Jones* to pay to Mrs. Maggie Williams, also household goods, two gold watches, to Margareta and Ida.

(Signed)    "ELIZABETH JONES.

"In presence of Jerome Jones."

This memorandum was signed by Elizabeth Jones and witnessed by Jerome Jones, and was thereupon handed to Elizabeth, who placed the same in an envelope, and she then retained the envelope and its contents in her possession until the time of her death on the 12th day of July, 1926.

It is clear from the evidence that the deceased did not desire to leave a will, and it was also her intention to leave no estate to be probated. After the death of the deceased, the defendant *Byron Jones* was appointed as administrator of the estate of Elizabeth Jones, and in the course of the administration thereof the defendant sold the personal property, consisting of machinery and live stock upon the farm of the deceased, for which he received the sum of $1,369.95. The plaintiffs in their complaint allege that the amount so realized upon the sale of said personal property belongs to them under and pursuant to the provisions of the memorandum above set forth, and this action was brought to recover such amount.

The court found that the property was not transferred to the plaintiffs by gift, and that the memorandum constituted a document in the nature of a will, which was not

effective to pass title to property for the reason that it was not executed according to law.

There was no gift of this personal property. There was no delivery of the personal property to the plaintiffs, either actual or constructive. The deceased at no time parted with the possession of the property, nor did she surrender her right of control and disposition thereof. The memorandum was not delivered to the plaintiffs or to a third person for their benefit, but, on the contrary, after its execution it was placed by her in an envelope, where it remained with her and in her possession and under her control up to the time of her death.

The document itself presents the strongest evidence indicating that she did not intend to make a gift, for the reason that it provides for a reserved right on her part to dispose of any or all of this property prior to the time of her death. Clearly, under the very wording of the document, she did not intend that title should pass to any part of her property until after her decease. The entire memorandum bears upon its face evidence which manifests an intention to dispose of her property not by gift but by will, notwithstanding the fact that the oral testimony introduced is indicative of a desire not to dispose of her estate by will. All of the powers given to the defendant *Byron Jones* are powers which usually belong to the office of an executor. The memorandum provides for the payment of the funeral expenses and debts, and also provides for a disposition of the property itself. Assuming, therefore, that the deceased expressed orally her antagonism to the execution of a will, the document which was drafted and executed by her, and which met with her entire satisfaction and approval, does not fall very far from constituting a will.

In 28 Corp. Jur. 622, it is said:

"A *donatio mortis causa* must be completely executed, precisely as required in gifts *inter vivos,* subject to be di-

vested by the happening of the conditions subsequent, that is, upon actual revocation by the donor, or by the donor's surviving the apprehended peril, or outliving the donee, or by the occurrence of a deficiency of assets necessary to pay the debts of the deceased donor. These conditions are the only qualifications that distinguish gifts *mortis causa* and gifts *inter vivos*. On the other hand, if the gift does not take effect as an executed and complete transfer to the donee of possession and title, either legal or equitable, during the life of the donor, it is a testamentary disposition, good only if made and proved as a will."

The law thus quoted fully covers the instant case.

*By the Court.*—Judgment affirmed.