ESTATE OF TOLLEFSON.

*March 7—April 2, 1929.*

For the appellants there was a brief by *A. G. Michelson* and *Robert N. Nelson,* both of Madison, and oral argument by *Mr. Nelson.*

For the respondent there was a brief by *Wegener & Roick* of Madison, and oral argument by *V. H. Roick.*

CROWNHART, J. The instruments admitted to probate as the will of the deceased are the following:

"Black Earth, Wisconsin, October 14, 1927.
"The Black Earth State Bank,
    "Black Earth, Wisconsin.
"Gentlemen: Attached hereto you will find a note made by me and signed this 14th day of October, 1927, in the amount

of ten thousand ($10,000) in favor of Mrs. Annie Tollefson, which I kindly ask you to keep in your custody, to be delivered to said Mrs. Tollefson upon my death.

"In explanation of this note I wish to state that this note is given by me to her as a gift, in appreciation of her kindness to me during my lifetime, and for her kind and willing help to myself and my brother, as I feel that she have been of a great help to us in the accumulation of our property.

"Upon my death this note is to be a valid claim against my estate, and you, the Black Earth State Bank, by its cashier, is hereby requested and authorized to file said note against my estate for the benefit of the said Mrs. Annie Tollefson, and to represent her in the collection of same.

"However, I reserve the right to withdraw this note from your custody at any time before my death, and at such time to give you a receipt for same, discharging you from all responsibility or liability in this matter.

"Dated at Black Earth, Wisconsin, October 14, 1927.

"ANTON TOLLEFSON.

"Signed in presence of:
  "Olaf Hagene,
  "Amy Cox."

"$10,000.        Black Earth, Wis., October 14, 1927.

"After my death after date, I promise to pay to Mrs. Annie Tollefson or order ten thousand dollars at the Black Earth State Bank, Black Earth, Wis., for value received, with interest at the rate of six per cent. per annum after my death until paid.

"And to secure the payment of said amount, I hereby authorize, irrevocably, any attorney of any court of record to appear for me in such court in term time or vacation, at any time hereafter, and confess a judgment, without process, in favor of the holder of this note for such amount as may appear to be unpaid thereon, whether due or not, together with costs, including ten per cent. attorney fees, and to waive and release all errors which may intervene in any such proceedings and to consent to immediate execution upon such judgment; hereby ratifying and confirming all that my said attorney may do by virtue hereof.

"ANTON TOLLEFSON.

"Witnesses to signature:
  "Olaf Hagene,
  "Newell Parker."

The appellants contend on this appeal that the court erred in admitting such instruments to probate as the will of the deceased.

The evidence is not in dispute. The deceased went to his banker, Olaf Hagene, and requested that disposition of $10,000 of his property be made as provided in the terms of the instruments set forth. The banker suggested that the deceased should make a will, but he refused to do so, insisting that he wanted the property left in the manner indicated in the instruments. Thereupon such instruments were drawn and deposited with the banker. The first instrument is properly signed by the deceased in the presence of two witnesses, who signed the same in his presence and in the presence of each other, presumably at his request. This is sufficient execution and attestation of a will under sec. 238.06 of our Statutes. In order to determine whether or not the instruments are a will, it is necessary to ascertain the intention of the deceased. It clearly appears from the documents that it was his purpose to make a testamentary disposition of the note. The note was incorporated by reference into the instrument disposing of the same. It was to be made a valid claim against the deceased's estate for the benefit of Annie Tollefson, the deceased, however, reserving the right to revoke such disposition of his property at any time before his death.

Unquestionably a person may make a will, though he is so ignorant of the law that he thinks it is a deed, a mortgage, or a bill of sale. The test is not what it is called but what the person designs in the instrument itself. It is the duty of the court to give it legal effect according to its nature and the intention of the maker, as ascertained from the instrument itself and from all the facts and circumstances surrounding its execution. 1 Page, Wills, pp. 65, 66; 1 Schouler, Wills (5th ed.) p. 272; 28 Ruling Case Law, p. 59; *Templeton v. Butler,* 117 Wis. 455, 94 N. W. 306.

The appellants rely upon *Darling v. Mattoon State Bank,* 189 Wis. 117, 207 N. W. 254, and were undoubtedly misled by some expressions of the court in the opinion. That was a case where the issue before the court was whether or not there was a gift *inter vivos.* The instruments there were very similar to the ones before us in the instant case, but there had been no probate or attempt to probate the instruments as a will. The bank in that case paid the certificate of deposit without submitting the matter to the county court. After deciding that the instruments failed to support a gift *inter vivos,* the court said:

"The suggestion of the trial court that the written instructions left by Mrs. Chase with the bank having been signed by two witnesses in her presence constitute a will passing the property to Myrtle Lorrig cannot prevail. The parties did not intend to make a will; it was not published as such, and it has never been admitted to probate, and so cannot form the basis for passing property by testamentary disposition. Such an instrument cannot be made a will by the mere addition of the signatures of two witnesses."

This language was not necessary to a decision of the case. As we have seen, it is immaterial whether the deceased intended to make a will as such, and under our statute it is not necessary to publish a will at its execution. *Allen v. Griffin,* 69 Wis. 529, 35 N. W. 21; *Skinner v. American Bible Society,* 92 Wis. 209, 65 N. W. 1037; *Noon's Will,* 115 Wis. 299, 91 N. W. 670.

We conclude that the instruments were properly entitled to probate as the will of the deceased.

*By the Court.*—The judgment of the county court is affirmed.