360

JUNEAU, Executor, Plaintiff and Appellant, vs. DETHGENS and wife, Defendants and Respondents: BOTT and others, Defendants and Appellants.

*December 3, 1929—January 7, 1930.*

For the appellants there was a brief by *Trottman & Trott-man,* attorneys for William J. Juneau, executor, and *Otto C. Schumacher,* attorney for the German heirs, both of Milwaukee, and oral argument by *Stafford Trottman.*

*Adolph G. Schwefel* of Milwaukee, for the respondents.

STEVENS, J. ▮ The contract under which the Dethgens claim title imposes on them the obligation to pay $7,000. It provides that when the purchase price is "fully paid," the deceased would convey title to them by warranty deed. The Dethgens never paid $7,000. They are not entitled to have the title vested in them until the balance due on the contract is paid, unless they are excused from making such payment by the provision quoted above. This makes necessary a consideration of the nature and character of this provision of the contract.

By its terms this provision is not to become effective for any purpose until after the death of the testator. Until death occurs it has no effect whatever. It clearly evidences an intent to retain title to the property and dominion over it with the right to receive the monthly payments during the entire life of the deceased. There is to be no change in the respective rights of the parties until after death occurs. "The writing upon its face presents all the elements of a testamentary instrument; one which declares the present will of the maker as to disposal of property after his death, without attempting to declare or create any rights therein prior to such event." *Templeton v. Butler,* 117 Wis. 455, 458, 94 N. W. 306. This writing is not an agreement to convey property by will at some future date. It is an attempt to make a present testamentary disposition of property which is to become effective only after death.

The gift of the balance due on the contract, being testamentary in character, was subject to revocation and change at the will of the deceased. He made such change by subsequently executing a will giving his property to other persons. Plaintiff is therefore entitled to judgment foreclosing the land contract and divesting the defendants Dethgens of title, unless they pay the balance due on the contract within such time as shall be fixed by the trial court, after determining the balance due.

The judgment will also clear the title of the cloud created by the recording of the quitclaim deed executed by the deceased to the defendants Dethgens June 20, 1923. This deed was executed pursuant to the provisions of the contract for support, which provided that this deed should be "deposited in escrow" with the Dethgens. By the terms of this contract the deed was not to become effective to pass title until the Dethgens had complied with the provisions of the contract,—a condition which was never met and which can never be met, because the contract which provided for this deposit in escrow was canceled by mutual agreement of the parties within six months after the time that it was made.

*By the Court.*—Let judgment be entered accordingly.

FOWLER and FRITZ, JJ., took no part.