ESTATE OF BEYSCHLAG: SJOLANDER, Appellant, vs. GORDON, Respondent.

*April 2—June 11, 1930.*

614

For the appellant there were briefs by *McConnell & Schweizer, R. V. Ahlstrom,* and *Q. H. Hale,* all of La Crosse, and oral argument by *Charles H. Schweizer.*

For the respondent there was a brief by *Stanley G. Gordon* and *A. E. Bleekman,* both of La Crosse, attorneys, and *Olin & Butler* of Madison, of counsel, and oral argument by *H. H. Thomas* of Madison.

FOWLER, J. The instrument cannot be both a will and a contract. It must be one or the other. Which it is must be determined by applying the ordinary rules of construction. The dominant purpose of the maker must control. What this purpose is is often a doubtful question on which minds

may reasonably differ. Any apparent conflict in our decisions involving the question is due to a difference of opinion as to this purpose rather than to difference as to the rule that should be applied.

In this case we agree with the trial court that the instrument constitutes a contract. It is in effect an agreement by Beyschlag that in consideration of and as payment for services by Sjolander for Beyschlag theretofore (expressly) rendered and (impliedly) to be rendered in the future until Beyschlag's death, the fund provided for by the instrument remaining in Sjolander's hands at Beyschlag's death shall become the absolute property of Sjolander. The contract to begin with was executory on both sides. Sjolander accepted performance of the duties impliedly and expressly imposed on him by the contract. Beyschlag could at any time revoke the power of attorney and could defeat the compensation provided for by withdrawing the fund from Sjolander's hands and by these acts render the provision for payment valueless. But he did not do either, and Sjolander fully performed his obligations implied under the instrument up to the time of Beyschlag's death. The contract was then a fully executed contract and enforceable by Sjolander according to its terms. The contract to begin with was of course nugatory for want of mutuality. But subsequently it became mutual by both parties acting in accordance with it. Until carried out it was a *nudum pactum,* but when carried out by Sjolander until Beyschlag's death in reliance that Beyschlag would not revoke it or by entire withdrawal of the fund from Sjolander's hands defeat the compensation for the services rendered, it became binding upon the personal representatives of Beyschlag the same that it would have become binding on Beyschlag himself had the contemplated term of the contract expired at a specified date instead of the death of Beyschlag and Sjolander had performed the services up to that date and Sjolander had then had funds in his hands accumulated by him under the instrument. 13 Corp.

Jur. p. 335; *Rust v. Fitzhugh,* 132 Wis. 549, 112 N. W. 508; *Oconto Brewing Co. v. Cayouette,* 138 Wis. 664, 120 N. W. 497.

Appellants cite three Wisconsin cases in support of the proposition that the instrument is a will or codicil. *Templeton v. Butler,* 117 Wis. 455, 94 N. W. 306; *Estate of Tollefson,* 198 Wis. 538, 224 N. W. 739; *Juneau v. Dethgens,* 200 Wis. 360, 228 N. W. 496. The last two hark back to the *Templeton Case.* In that case a writing was involved stating that notes in suit should "be null and void after my [payee's] death and non-collectible." This was considered as evidencing a testamentary intent of the payee, not effectuated because the writing was not executed with the formalities requisite to constitute it a will. But it is distinctly pointed out in the opinion that if the writing involved possessed the elements of a contract, that is, if the provision quoted had been supported by a consideration, the intent evidenced would not constitute the writing a will. In the *Tollefson Case* it appears that no such contractual element existed. In the *Juneau Case* there is no discussion of any contractual or non-contractual feature because of consideration, nor does it appear that the point was considered. Too much stress should not be placed upon the dictum of the *Templeton Case.* There was no holding that the instrument there involved was a will and no contention made that it was one. The dictum is that it would have been a will if executed with the proper formality. It is hardly authority upon which to base a holding that any instrument is a will. Regardless of the fact that the decision was apparently based upon the *Templeton Case,* the *Tollefson Case* was correctly decided under the general principle that where an instrument evidences a testamentary intent and testamentary disposition of property and is executed with the requisite formalities it constitutes a will although the maker did not know he was making a will and did not want to make one. The *Juneau*

*Case* was properly decided if the court was correct in inferring from the instrument involved, in form a land contract, and the circumstances attending its execution, that the provision that any payments on the contract unpaid at the vendor's death should stand canceled was without consideration. To the writer's mind that is an improper inference. But if to some minds the decision herein appears to conflict with the *Juneau Case,* it does not conflict with the *Tollefson Case.* The situations involved are different. No contractual relation, no consideration existed in that case; in this there is a contractual relation and a consideration does exist; the one party having fully performed the agreement, it is binding upon the personal representatives of the other.

*By the Court.*—The judgment is affirmed.