ESTATE OF SENSE: ZAHN, Respondent, vs. GENRICH, Executor, Appellant.

*October 15—November 10, 1931.*

90

For the appellant there was a brief by *Brown, Pradt & Genrich* of Wausau, and oral argument by *L. A. Pradt, Jr.*

For the respondent there was a brief by *A. W. Prehn,* attorney, and *F. E. Bachhuber* of counsel, both of Wausau, and oral argument by *Mr. Bachhuber.*

WICKHEM, J. Appellant contends that the instrument in question is an attempt at testamentary disposition, not in conformity with the statutes and therefore void. It is also contended that it is not a gift because there was no delivery either of the money or of the original document itself, which the testimony shows remained in the custody of Mr. Genrich; that it is not a valid assignment because control over the property assigned was retained by Johanna Sense; and that it is not effective as an acknowledgment of indebtedness because there was no indebtedness to acknowledge, and that it was consequently without consideration.

It is our conclusion that the instrument in question was not intended as a testamentary disposition. In *Estate of Tollefson,* 198 Wis. 538, 224 N. W. 739, the court, speaking through Mr. Justice CROWNHART, states that "the test is not what it is called but what the person designs in the instrument itself." The instrument contains a direction to the defendant Genrich tò pay to the claimant, upon the death of Johanna Sense, the sum of $1,000, for obligations that she owes to John Zahn, or will owe him, for care and services. The language is inconsistent with an intention to make a gift, testamentary or otherwise. It is further clear, even should the language in the instrument be open to a construction favorable to a gift, that the paper in question did not constitute a valid gift for the reason that Johanna Sense had not delivered to Genrich or to claimant control and dominion over the subject of the gift. *Pirie v. Le Saulnier,* 161 Wis. 503, 154 N. W. 993; *Williams v. Jones,* 194 Wis. 625, 217 N. W. 305; *Estate of Salzwedel,* 171 Wis. 441, 177 N. W.

586; *Schultz v. Becker,* 131, Wis. 235, 110 N. W. 214; *Warsco v. Oshkosh Sav. & T. Co.* 183 Wis. 156, 196 N. W. 829.

For similar reasons the instrument cannot be sustained as an assignment.

It is evident, therefore, that if this instrument is to be considered as having any legal effect, it must be treated as an acknowledgment of indebtedness, and it is our conclusion that such is the proper construction of the instrument. Since this is not an acknowledgment of indebtedness under seal, it imports no consideration, and consequently it is necessary to find a consideration for the instrument in order to sustain the claim of the respondent. For some nineteen years the respondent supported Johanna Sense. In consequence of the agreement of July 22, 1926, he received the sum of $1,500 in full for his past services to Johanna Sense, and agreed to accept $100 per year for her support, plus medical and funeral expenses. It will be noted, however, that the claimant, by this verbal agreement, did not undertake the obligation of supporting Johanna Sense for the balance of her life. He merely undertook to perform these services for $100 per year so long as he permitted her to live with him. There is nothing in the evidence that indicates that claimant could not have terminated this agreement at any time. Had claimant become bound by a valid and enforceable contract to support Johanna Sense for the balance of her life, at $100 per year, it is clear that there would be no consideration for a promise on the part of Johanna Sense to pay him an additional sum, and that there would be no debt to acknowledge. But in view of the fact that, as heretofore stated, claimant was not obligated to continue furnishing support on the basis of $100 per year, we think it can be said that there was consideration and that there was a debt, or that there was a revocation of the old arrangement and an agreement for the new consideration. There seems to be no question as to the value of the

services furnished by the claimant, who supported Johanna Sense for the period of nineteen years, and who for the greater part of that time received not more than $100 per year for his services. A consideration of the entire record leads us to the conclusion that the instrument in question was a valid acknowledgment of indebtedness, and that it was sufficiently supported by consideration to form a proper basis for the allowance of the claim.

*By the Court.*—Judgment affirmed.