ESTATE OF FUHRMANN: ULSH, Respondent, vs. WIESLER, Executor, imp., Appellant.

*September 16—October 11, 1932.*

220

For the appellant there was a brief by *Harry E. Kjorstad* of Reedsburg and *Olin & Butler* of Madison, and oral argument by *E. L. Wengert* and *H. H. Thomas,* both of Madison.

For the respondent there was a brief by *Grotophorst, Quale & Langer* of Baraboo, and oral argument by *H. M. Langer.*

FOWLER, J. Mrs. Ulsh presents a claim for $10,000 against her brother's estate based upon the instrument set forth in the statement of facts. Upon the facts stated the claimant contends that the instrument is a contract fully performed by her and that she is entitled to recover thereon according to its terms; and the appellant contends that the instrument is a will which was revoked by a later will.

Cases have several times come before this court wherein the question involved was whether an instrument was a contract or a mere testamentary disposition failing in effect be-

cause not executed with the formalities requisite to the execution of a will.

The most recent case in which such an issue arose is *Estate of Beyschlag*, 201 Wis. 613, 231 N. W. 165. The instrument therein involved, like the one here in suit, was unilateral, delivered by the party signing to the other and retained by the other, revocable by either party at will, a *nudum pactum* until fully performed, providing for compensation on the death of the signer for services to be performed for him by the other, operated under by the parties until the death of the signer, and fully performed by the one to perform the services up to the signer's death. There as here the amount received by the promisee was far beyond fair compensation for the services performed, but prolonged life of the promisor might well have rendered the compensation no more or less than adequate. The instrument was upheld as a contract, entitling the holder to compensation according to its terms. The holding was based upon the reasons stated in the opinion and upon the authorities cited therein.

We are unable to perceive any material distinction between the instrument and the controlling facts involved in the *Beyschlag Case* and the instrument and facts herein involved. It is true that the instrument in the *Beyschlag Case* expressly recited that the promise contained was made upon consideration of past services and services to be performed thereafter, while here only future services were expressly mentioned; and there the instrument was executed after conversation between the parties relative thereto, while here there is no evidence of such conversations. But these and such other slight differences in circumstances as exist seem to us entirely inconsequential.

Had the instrument here been drawn as a promissory note of the decedent payable after his death on condition that his

sister remained with and performed the stated services for him until his death, it would have expressed the same intention on the part of the decedent as does the one in suit. Such an instrument, executed to provide compensation for past services, was sustained as a valid obligation in *Sheldon v. Blackman,* 188 Wis. 4, 205 N. W. 486. The cases are parallel in the essential features. As stated in that case (p. 15): "It is well settled that an instrument otherwise valid as an agreement for the payment of money is not invalidated merely because payment is postponed until or after death."

It is contended by appellant in construing the instrument that the dominant purpose must control and that the dominant purpose was to make a testamentary disposition. It is true that the dominant purpose must control. *Beyschlag Case, supra,* p. 616. But counsel are not warranted in saying, especially in view of the findings of fact of the learned county judge, that the dominant purpose here was testamentary rather than contractual. The only fact here tending in any way to indicate that the decedent's intention was testamentary is that the decedent's executor was directed to pay the money. A like fact, in *Estate of Sense,* 206 Wis. 89, 238 N. W. 811, was held not to indicate such intention. All the other evidentiary facts of this case tend to show that the decedent's purpose was not testamentary but contractual.

*By the Court.*—The judgment of the county court is affirmed.