Borchardt and another, Appellants, vs. Citizens State Bank of Wausau, Trustee, Respondent.·

*October 10, 1932—January 10, 1933.*

For the appellants there were briefs by *F. P. Regner* and *O. L. Ringle,* both of Wausau, and oral argument by *Mr. Ringle.*

For the respondent there were briefs by *Genrich & Genrich,* attorneys, and *L. A. Pradt, Jr.* of counsel, all of Wausau, and oral argument by *Mr. Pradt.*

The following opinion was filed November 9, 1932:

WICKHEM, J. The basis for the determination of the trial court was that while, as a part of the second transaction, there was an oral agreement that the principal sum of the $5,000 mortgage would be satisfied at testator's death, and that this was to be taken care of by bequest to one of the plaintiffs of a sum equal to the principal sum of the mortgage, this agreement was not supported by sufficient consideration. The finding to the effect that there was such an agreement is supported by the evidence, and its validity is established by the doctrine of *Estate of Powell,* 206 Wis. 513, 240 N. W. 122. Thus the only question for determination here is whether the agreement fails of legal effect for want of consideration. The trial court considered the matter ruled by *Templeton v. Butler,* 117 Wis. 455, 94 N. W. 306, in which the court said:

"But although that document, the execution of which is established, was merely testamentary and is revoked and therefore ineffectual as a will, still it does not exclude the possibility that, as is alleged in the answer, the parties in fact made a binding agreement, upon sufficient consideration, to the effect that the indebtedness evidenced by these notes should become canceled upon the death of their owner."

The court, in the *Templeton Case,* however, found that the mere agreement on the part of the father that if the son paid interest during the father's lifetime, upon the notes in question, the principal would be canceled at the father's

death, was not sufficient consideration to support the agreement to cancel, for the reason that the promise to pay interest was a promise to perform an act that the son was already legally obligated to perform.

In dealing with the question of consideration, we think the second transaction cannot be isolated from the first. Under the first agreement the obligation of the plaintiffs was to furnish support, and that of Woller was at least to cancel the mortgage at his death. It is probably immaterial in a legal sense whether there was also an agreement to remit interest under this first agreement. At the time of the second agreement plaintiffs had a contract of value to them. Under this contract they had the right to defer payment of the $2,500 note until its due date. They also had the right to insist upon supporting and caring for Woller, and to have the $5,000 mortgage canceled at his death. By the terms of the second agreement plaintiffs agreed to and did pay the $2,500 mortgage before it was due. By paying and satisfying the first mortgage they gave up the benefits of the provision calling for its cancellation. In return for this they received the agreement that the mortgage be canceled indirectly by operation of a bequest to one of the plaintiffs in the will of Woller. We are unable to avoid the conclusion that the surrender of rights under the first agreement constituted a sufficient consideration for the agreement to bequeath a sum sufficient indirectly to cancel the $5,000 mortgage. Hence, in so far as the question of consideration is concerned, the *Templeton Case* is not in point. Nor is this result contrary to that reached in *Juneau v. Dethgens,* 200 Wis. 360, 228 N. W. 496. In that case it was held that a provision in a land contract "that upon the death of the party of the first part, the whole of this contract is assigned without any further payments or consideration, and the title thereof passed to the parties of the

second part in fee simple, and that no sum as herein specified shall be due and owing or become due and owing thereafter," constituted an ineffective attempt at testamentary disposition. The court relied upon *Templeton v. Butler, supra,* to the effect that "the writing upon its face presents all the elements of a testamentary instrument; one which declares the present will of the maker as to disposal of property after his death, without attempting to declare or create any rights therein prior to such event." In the *Juneau Case* the sole question considered was the character of the writing itself. This case falls squarely within the observation of the court in the *Templeton Case,* heretofore quoted, to the effect that such a conclusion does not exclude the possibility of a binding agreement upon sufficient consideration that the indebtedness be canceled upon the death of the creditor. Such an agreement was found, and, as we have concluded, was founded upon sufficient consideration.

The foregoing views lead to the conclusion that plaintiffs are entitled to the relief demanded, and that reformation is not necessary to secure this relief.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment for plaintiffs in accordance with the demands of the complaint.

A motion for a rehearing was denied, with $25 costs, on January 10, 1933.