WILL OF WNUK: WNUK and another, Appellants, vs. SEIP and another, Respondents.

*January 11—February 7, 1950.*

*Clarence J. O'Brien* of South Milwaukee, for the appellants.

For the respondents there was a brief by *Kay, Dunphy & Kay* of Milwaukee, and oral argument by *Ward Dunphy*.

FRITZ, C. J. The instrument, propounded by Joseph R. Wnuk for probate, was on a printed form generally used as a warranty deed to convey real property. At the time of the execution of the instrument on November 16, 1927, Josephine Wnuk had been a widow, and since the death of her husband in 1913, she lived, until her death in 1947, with her son Joseph in a residence located on the property de-

scribed in the instrument. She had her own living quarters and kitchen in the residence, and took care of all of her affairs. The instrument in question was prepared by Peter Kuczynski, who was engaged in the real-estate business and a notary public, and he had transacted quite a bit of her business. He testified:

That on November 16, 1927, Josephine Wnuk came alone to his home, in which he also had his office, and asked him to prepare some papers relating to her property. That he then prepared all of the instrument in question, including the words, "This deed is null and void until after death of party of the first part," which were on the instrument when she then signed it at his home. That he and his wife Anna Kuczynski were present in the same room when Mrs. Wnuk signed the document and were both present when he and his wife signed as witnesses. That after Mrs. Wnuk signed the paper, he notarized it and gave the papers to Mrs. Wnuk and asked her to record it, and she left his home and never mentioned anything to him later about the instrument. That when people signed deeds in his office and he needed another witness he would have his wife sign; and in this case he remembered distinctly that his wife was there at the time.

It appears that the words, "This deed is null and void until after death of party of the first part" were typed in by Peter Kuczynski, and he also typed the names of Joseph R. Wnuk and Ignatius F. Wnuk in the deed as the parties of the second part, to whom the instrument was purported to give, grant, sell, and convey, etc., the property described therein. It appears also that Mrs. Wnuk returned to her home with the instrument and kept it among her valuable papers without letting either of her sons know about it; that after her death on March 24, 1947, the instrument was found by her son Joseph in her locked purse, with $1,200 also in a little bag, and some coupons, old mortgages, and his father's will; and that the instrument was never delivered to the grantees or ever recorded.

The trial court found that the instrument in question was not executed as a will as required by law in that Josephine Wnuk did not declare and publish it as her last will and testament; that she intended the instrument as a deed and not as a testamentary disposition of the property described therein; and that it was never delivered during her lifetime; and therefore the court adjudged that the probate thereof be denied.

Appellants contend that, although the instrument is on a printed form generally used for a warranty deed, there was in the actual execution of the instrument sufficient compliance to render it effectual as a will to pass the estate in the real property described therein by reason of the facts (1) that it is in writing and signed by the testator, and was attested and subscribed by two competent witnesses in the presence of each other and the presence of the testator as required by sec. 238.06, Stats.; and (2) that by virtue of the provision, "This deed shall be null and void until after death of party of the first part,"—which is typewritten in the instrument,— it is evident that it was Mrs. Wnuk's intention to make thereby a testamentary disposition of the property rather than an immediate conveyance thereof. To that provision in the instrument there is applicable the statement that,—

". . . the writing upon its face presents all the elements of a testamentary instrument; one which declares the present will of the maker as to disposal of property after his death, without attempting to declare or create any rights therein prior to such event." *Templeton v. Butler,* 117 Wis. 455, 458, 94 N. W. 306; *Juneau v. Dethgens,* 200 Wis. 360, 228 N. W. 496.

Likewise there are applicable the rules to the same effect stated in 16 Am. Jur., Deeds, viz.:

"Where the instrument is in the form of a general warranty deed and contains in the body thereof, following the description of the property conveyed, a clause providing that 'this deed is null and void until the death of the grantor,' the

instrument does not pass a present interest, but is testamentary in character." p. 552, sec. 199.

"For the same reason that delivery of an instrument in the form of a deed, containing a provision postponing its taking effect until the death of the grantor, is evidence of an intent on the part of the maker to execute a deed, a failure on the part of the maker to deliver the instrument is viewed as being indicative of an intent to execute a will and not a deed." p. 544, sec. 189.

"Whether an ambiguous instrument is a deed or a will depends in the final analysis upon its operation, and obviously, the construction of such an instrument, necessary to determine which type of instrument it is, depends ultimately upon this factor. It is fundamental that while possession or enjoyment of an estate may be deferred, a deed to be operative must pass a present interest. By contrast, an instrument testamentary in character operates only upon and by reason of the death of the maker, who, by its execution, parts with no rights and divests himself of no modicum of his estate. While on some points the decisions are apparently irreconcilable, it is a settled proposition that if it is manifest that the writing is to be absolutely inoperative until the maker's death, it can only operate, if at all, as a will." p. 539, sec.181.

As stated in *Estate of Tollefson,* 198 Wis. 538, 540, 224 N. W. 739,—

"Unquestionably a person may make a will, though he is so ignorant of the law that he thinks it is a deed, a mortgage, or a bill of sale. The test is not what it is called but what the person designs in the instrument itself. It is the duty of the court to give it legal effect according to its nature and the intention of the maker, as ascertained from the instrument itself and from all the facts and circumstances surrounding its execution. 1 Page, Wills, pp. 65, 66; 1 Schouler, Wills (5th ed.), p. 272; 28 Ruling Case Law, p. 59; *Templeton v. Butler,* 117 Wis. 455, 94 N. W. 306."

In *Estate of Beyschlag,* 201 Wis. 613, 618, 231 N. W. 165, the court stated:

". . . the *Tollefson Case* was correctly decided under the general principle that where an instrument evidences a testa-

mentary intent and testamentary disposition of property and is executed with the requisite formalities it constitutes a will although the maker did not know he was making a will and did not want to make one."

The decisions in relation to the requirements prescribed by the provisions in sec. 238.06, Stats., (so far as here material) that, "No will made within this state . . . shall be effectual to pass any estate, whether real or personal, . . . unless it be in writing and signed by the testator or by some person in his presence and by his express direction, and attested and subscribed in the presence of the testator by two or more competent witnesses in the presence of each other;", have given a liberal construction to the language prescribing these provisions, and no additional conditions have been added in order to validate the execution of an instrument as a will. Thus, this court held that it is not necessary that the witnesses see the testator sign the document, as long as the signature of the testator is on the document when the witnesses sign it, or he declares same to the witnesses to be his will. *Will of Home,* 231 Wis. 227, 232, 284 N. W. 766, 285 N. W. 754. Neither is it necessary that the witnesses be requested to sign by the testator. As the court said in *Will of Griffith,* 165 Wis. 601, 605, 163 N. W. 138,—

"True, there was no evidence of an express request for the signing; but that was not essential. The court found that there was an implied request and that is amply sustained by the evidence, and further, as is the fact, that the testatrix assented to the signing. Either is sufficient."

Consequently, in view of the rules and foregoing conclusions stated in the cases cited above, the judgment under review must be reversed, and the cause remanded with directions to admit to probate the instrument in question as the will of Josephine Wnuk, deceased.

*By the Court.*—Judgment reversed and cause remanded for further proceedings as directed in the opinion.