## Brown and Others *v.* McAlister and Others.

WILL.—*Attestation.*—It is not necessary to the due execution of a will that the testator should in any manner indicate to the witnesses who attest it that the instrument is the will of the person executing it.

APPEAL from the Vanderburg Common Pleas.

WORDEN, J.—This was a proceeding under the statue, by the appellants against the appellees, to set aside the probate of the will of Octavia E. Lewis, and have the same declared void. Demurrer to the complaint sustained, and exception. Final judgment for defendants.

It was alleged that the will was not duly executed, because of the facts stated as follows, viz.:

"That on the day of the date of the instrument, said Oc-

tavia E. brought the same to the office of Brown, Dunkerson & Co., Evansville, and folding the paper on which said instrument was written, so as to conceal the whole of the writing thereon, said to William Brown and Robert K. Dunkerson, who were present, 'Gentlemen, I want you to witness my signature.' Whereupon she wrote her name upon said paper (the writing thereon being all the time concealed from them by the manner in which the paper had been folded), in the presence of said Brown and Dunkerson, who then and there wrote their names upon said paper as witnesses to said signature, the writing upon said paper being all the time concealed from said Brown and Dunkerson; that said Octavia E. did not, during said interview, nor at any other time, communicate to said Brown and Dunkerson, or either of them, that the writing upon the paper to which they had signed their names was a will, nor were they ever so informed; nor did said deceased ever speak any word indicating to said Brown and Dunkerson, or either of them, that said instrument was a will; nor did they ever know the fact in the lifetime of said Octavia E.; that she did nothing, at the time of signing the paper, indicating an intention to publish, declare, or deliver said instrument as a deed, a will, or any other instrument. The folding of the paper, the silently writing her name, by deceased, the request above mentioned, the silently writing of their names by Brown and Dunkerson, being all that was said or done on the occasion; that the instrument is in the handwriting of one Horatio Q. Wheeler, and not in handwriting of the deceased; that said Brown and Dunkerson, nor either of them, ever saw or heard of said instrument except as above stated; nor did either of them know that said signing was the signing of any instrument till since the death of the said Octavia E.; that the writing of the name by said deceased, in the manner above stated, and the writing of their names by said Brown and Dunkerson, in the manner aforesaid, is all the signing, attestation, or subscription ever done to said instrument; and therefore said will was never duly attested," etc.

The statute provides, that "no will except a noncupative will shall affect any estate, unless it be in writing, signed by the testator, or by some one in his presence, with his consent, and attested and subscribed in his presence by two or more competent witnesses." 2 G. & H. 555, sec. 18.

The question raised by the pleading is, whether, in order to a due execution of a will, it is necessary that the testator should in any manner indicate to the witnesses who are called upon to attest the same, that the instrument or document thus to be executed and attested is the will of the party executing the same.

We have been favored with able and exhaustive briefs on this question, by the counsel on each side of the cause, who have, respectively, cited a large number of cases and text books bearing upon the question. We shall not go into a discussion of the authorities upon this question; they are in some degree conflicting. We may quote the following passage from an elementary writer: "The mere fact that one calls upon witnesses to subscribe a paper, as witnesses of its execution, is, no doubt, abundant evidence of his acknowlment that he executed it. And the distinction may be rather nice, when it is admitted the witness need not know the contents of a will, to argue that they should be made aware, either by word or act, that the testator declared or recognized, in some way, the paper to be his will. But such would seem to be the fair implication of the word attested, in the statute in regard to the execution of wills. *But the weight of authority seems to be in the opposite direction.*" 1 Redfield on Wills, 223.

We are satisfied that the weight of authority is as stated in the above quotation, and, therefore, that the will in question was duly executed.

The judgment below is affirmed, with costs.

Downey, J.—I fully concur in the result announced in the foregoing opinion, but I do not agree that the question raised for our decision is that stated in the opinion. The question

is not, in my judgment, whether, in order to a due execution of a will, it is necessary that the testator should in any manner *indicate* to the witnesses who are called upon to attest the same, that the instrument or document thus to be executed and attested is the will of the party executing the same. The opinion, by answering this question in the negative, does, in my judgment, decide more than is involved in the case. There were indications, and very strong ones too, that the paper was a will. The very fact that it was to be signed in the presence of two witnesses and attested and subscribed by them, which ceremony does not, by our law, attend the execution of any other instrument, and that it was so executed, indicated that it was a will. Hence I think that the court need not, and should not, in this case, decide that no "indication" of its being a will is necessary to its validity. But as it is shown by the facts that the testatrix went to the persons who were chosen by her to be the witnesses, produced the paper already written, told them that she desired them to witness her signature, and thereupon signed the paper in the presence of the witnesses, who then and there wrote their names to it as witnesses, the question in the case is, whether or not it was necessary that she should, in addition, have *stated* to the witnesses that it was her will. I decide that it was not necessary that she should have made such *statement*, and that the will was properly signed by the testatrix and attested and subscribed by the witnesses without such statement.

*A. Iglehart* and *J. J. Chandler*, for appellants.

*J. M. Shackelford, L. Q. DeBruler*, and *C. A. DeBruler*, for appellees.