Allen vs. Griffin and others, by guardian ad litem.

---

ALLEN, Appellant, vs. GRIFFIN and others, by guardian *ad litem*, Respondents.

*October 12 — November 1, 1887.*

*Evidence: Will, probate of.*

1. The burden of proof of the testator's want of testamentary capacity is upon the party contesting the probate of a will. In the absence of evidence of such incapacity, slight evidence of testamentary capacity is all that is required to authorize the probate of a will.

VOL. 69 — 34

| 69 | 529 |
|----|-----|
| 73 | 81 |
| 73 | 82 |
| 69 | 529 |
| 82 | 366 |
| 69 | 529 |
| 92 | 213 |
| 69 | 529 |
| 113 | ²679 |
| 69 | 529 |
| 81 Minn | 32 |
| 69 | 529 |
| 117 | ¹303 |

2. In the absence of clear proof that the witnesses to a will signed it before the testator did, it will be presumed that the testator signed it first.

3. It is not necessary to the validity of a will that the witnesses thereto should know the nature of the instrument they are signing; nor is it necessary to the probate thereof that they should testify that the testator declared it to be his will.

APPEAL from the Circuit Court for *Winnebago* County. The case is sufficiently stated in the opinion. ·

For the appellant there was a brief by *Charles E. Pike*, and oral argument by *B. E. Van Keuren* and *Charles E. Pike*. They took the ground that our statute does not make a declaration to the witnesses, or a knowledge by them of the nature of the instrument they are signing, essential to the validity of a will, citing cases referred to in the opinion and many others. They also insisted upon the presumption in favor of the testamentary capacity of the testatrix, and of the absence of fraud and undue influence. *Meurer's Will*, 44 Wis. 392; *Cole's Will*, 49 id. 182; *Armstrong v. Armstrong*, 63 id. 162; *Bond v. Seawell*, 3 Burr. 1773. That the testator signed before the witnesses did is also to be presumed. *M. Lewis' Will*, 51 Wis. 101.

For the infant respondents there were briefs by *Wesley Mott*, guardian *ad litem*, and *Gary & Forward*, attorneys, and oral argument by *George Gary*. They contended, *inter alia*, that the attestation of a will is invalid unless the witnesses signing it know its nature. *Downie's Will*, 42 Wis. 66. The cases to the contrary cited by the appellant are mostly those of holograph wills; or those having a full attestation clause; or those where the witnesses had information in some way that they were called to witness a will. In this case, it seems evident from the proofs that one of the witnesses signed before the testatrix had executed the will, and so there was no attestation. *Swift v. Wiley*, 1 B. Mon. 114; *Griffith's Ex'r v. Griffith*, 5 id. 511; *Roberts v. Welsh*, 46

Vt. 164; *Reed v. Watson*, 27 id. 443; *Chase v. Kittredge*, 11 Allen, 49. One of the witnesses did not sign until eleven months after the will was executed by her. *Needham v. Ide*, 5 Pick. 510; *Hastings v. Rider*, 99 Mass. 624. This was an unnatural will, executed by a sick woman in pursuance of a bargain with her well husband, and excluding her daughter and her grandchildren from participation in her property. Proof of her testamentary capacity was essential. *Silverthorn v. Silverthorn*, 68 Wis. 372; *Delafield v. Parish*, 25 N. Y. 9; *Crowninshield v. Crowninshield*, 2 Gray, 526; *Garrish v. Nason*, 22 Me. 441; *Cilley v. Cilley*, 34 id. 162; *Comstock v. Hadlyme*, 8 Conn. 254; *Beaubien v. Cicotte*, 8 Mich. 9, 13; *Taff v. Hoomer*, 14 id. 317; *Aiken v. Weckerly*, 19 id. 503; *Kimpsey v. McGinniss*, 21 id. 147–8; *Rees v. Stille*, 38 Pa. St. 138; *Rigg v. Wilton*, 13 Ill. 15; *Trish v. Newell*, 62 id. 196; *Tingley v. Cowgill*, 48 Mo. 291; *Renn v. Samos*, 33 Tex. 760; 24 Alb. Law Jour. 58–9.

TAYLOR, J. This is an appeal from the decision of the circuit court refusing to admit to probate a paper writing alleged to be the will of Charity S. Allen. A paper writing purporting to be the last will and testament of Charity S. Allen, deceased, was offered for probate in the county court of Winnebago county, by *Edward Allen*, the husband of the said Charity S. Allen, deceased. The probate was opposed by the said respondents. The objections made to the probate of said alleged will were: (1) That the paper was not duly executed by said Charity S. Allen, and attested as her last will and testament; (2) that at the time of the date of said instrument the said Charity S. Allen was not of sound mind; (3) that, if said Charity S. Allen signed and executed said paper, her signature thereto, and the execution thereof, were procured by fraudulent practices, and undue influence, exercised by *Edward Allen*, named as the principal legatee and executor in said paper.

On the hearing in the county court, that court refused to probate the will, and from the order of that court refusing such probate the proponent duly appealed to the circuit court of Winnebago county, and upon the hearing of the case in that court probate was again refused, and the proponent appealed from the judgment of such court.

In the circuit court no evidence was offered by the contestants. After the proponent had produced his witnesses and testimony the contestants moved "to reject the paper writing proposed as the last will and testament of Charity S. Allen upon the evidence of the proponent, for the reason that it is not established by the evidence that it is the will of a competent testatrix, and executed and attested as required by law to establish it as a will." The motion of the contestants was granted by the court and probate of the will was refused.

The circuit court made the following findings in the case: "(1) That said paper writing was not attested and subscribed in the presence of the said Charity S. Allen by two competent witnesses, as required by law. (2) That said paper writing is not the last will and testament of said Charity S. Allen, deceased." And as conclusions of law: "(1) That said paper writing should be rejected and disallowed. (2) That the order of the county court of Winnebago county appealed from herein be affirmed." These findings of fact and conclusions of law were duly excepted to by the appellant.

In this court the learned counsel for the appellant contends that the circuit court erred in finding that the said paper writing purporting to be the will of Charity S. Allen was not attested and subscribed by two competent witnesses, as required by law. And he further insists that this is the only question of fact decided by the circuit court. That which is stated as a second finding of fact is a mere conclusion of law, and not a fact. We are inclined to hold that

the contention of the counsel for the appellant is sustained by the record in the case, and that the only material question raised by the testimony in the case, and upon the findings, is upon the execution and witnessing of the paper presented for probate. No evidence was given which in the least tended to show any fraudulent practices or undue influence on the part of the proponent, or any other person, and no evidence was given which tended to show that the said Charity S. Allen was not competent to make a last will and testament at the time she executed the paper writing in question.

The main question in the case, as disclosed by the record, is, was the paper writing executed by the deceased as her will, and was such execution witnessed and attested by two competent witnesses in her presence? After a careful consideration of the testimony, it is very clear to us that it was executed and attested as prescribed by the statute. The learned counsel for the contestant contends that the evidence does not conclusively show that the two persons whose names were placed upon the paper as witnesses at the time the deceased signed it, signed as such witnesses after the same was signed by the testatrix. We think the fair construction of the evidence shows that they did sign after the deceased had signed, and that they signed in her presence. To reject the probate of a will upon such evidence as was offered in this case, on the ground that it does not conclusively appear that the witness signed as such after the signature of the alleged testatrix, would jeopardize the probate of very many honest wills. We think, in the absence of clear proof that the witness or witnesses signed before the signing of the testator, it should be presumed that the testator signed first. This would be the usual order of signature. This view of the case seems to be sustained by the authorities cited below. Upon the proofs in this case, it would seem to us that it affirmatively appears that the two

witnesses who first signed as witnesses signed after it was signed by the deceased.

If we understand the very able argument of the learned counsel for the respondents, he does not rely with any great degree of confidence on this point. The main argument upon which he justifies the rejection of the probate of the instrument in question is that the witness Hattie Wyman, whose name appears as the first witness to the will, had no knowledge that the paper she signed as a witness was the last will and testament of the said Charity S. Allen. And he has made a very able and elaborate argument to show that, unless the persons who sign, as witnesses, an instrument which is intended to be a will, know the fact that such is the nature of the instrument upon which they place their names as witnesses, they do not attest and subscribe as required by sec. 2282, R. S. 1878. This is a very old question, both in England and this country, and with all due respect for the learning and ability of the counsel for the contestants, we think it very clear that the great weight of authority is against the claim made by the counsel. The reason for holding that, under a statute like ours, the witnesses need not know the nature of the instrument to which they attach their names as witnesses to the signature of the person who has subscribed the same, is entirely satisfactory to us.

If the contention of the learned counsel is to prevail, then the fact that a will was duly witnessed as required by law would in all cases depend upon the memory of the persons signing as such witnesses; and the most honest will, executed in the most formal manner, would be defeated of probate if the witness should be unable to call to mind or recollect that when he signed as such witness the person signing it had declared that it was his or her will. Such a rule, instead of preventing the probate of suspicious or doubtful testamentary papers, would only tend to defeat

the probate of honest and fair ones.    Without further indicating the reasons of the courts for holding that the witnesses to a will, under our statute, and statutes of a similar character, need not know the nature of the instrument witnessed by them, we content ourselves with citing a few of the many cases repudiating the contention of the learned counsel for the contestants.    *Osborn v. Cook,* 11 Cush. 535; *Hogan v. Grosvenor,* 10 Met. 54, 58; *Tilden v. Tilden,* 13 Gray, 110; *Ela v. Edwards,* 16 Gray, 91; *Eliot v. Eliot,* 10 Allen, 357; *Chase v. Kittredge,* 11 Allen, 49, 52; *Dewey v. Dewey,* 1 Met. 349; *Brinckerhoof v. Remsen,* 8 Paige, 488; *Jauncey v. Thorne,* 2 Barb. Ch. 40; *Remsen v. Brinckerhoof,* 26 Wend. 325.    In the cases in New York, the English cases holding the same rule, under a statute in all respects like ours, are cited and commented upon.    *Leverett's Heirs v. Carlisle,* 19 Ala. 80; *Dickie v. Carter,* 42 Ill. 376; *Flood v. Prayoff,* 79 Ky. 607; *Brown v. McAlister,* 34 Ind. 375; *Dean v. Dean's Heirs,* 27 Vt. 746; *In re Hulse,* 52 Iowa, 662; *Greenough v. Greenough,* 11 Pa. St. 489; 51 Am. Dec. 567; *Osborn v. Cook,* 59 Am. Dec. 155, and note; *Lawrence v. Norton,* 45 Barb. 448, 452; *Linton's Appeal,* 104 Pa. St. 228.

The foregoing citations are abundant to show that the contention of the respondent on the point above stated is not sustained by authority.    Although this court may not have passed upon the exact question now raised by the learned counsel for the respondents, it has certainly strongly intimated that it would follow the rule established in cases above cited.    See *Will of Meurer,* 44 Wis. 392; *Will of Jenkins,* 43 Wis. 610.    We think no good results could follow the establishment of the rule contended for by the learned counsel, but, on the contrary, that very great evil might be the result of establishing such rule.

We think there is great force and good sense in the remarks of the learned judge who delivered the opinion in

the case of *Flood v. Pragoff, supra.* He says: "The legis-
lature has prescribed such formalities as it deemed proper,
and we ought not to add to them formalities by construc-
tion, especially when the efficacy of the constructive require-
ment depends solely upon the memory of the subscribing
witness. After any considerable lapse of time, the witness
who could remember the circumstances connected with his
subscription to the paper, so as to be able to state that the
person whose signature he was called to attest declared
that the paper signed was a will, might be justly subject to
the suspicion of fabrication, one of the principal things
against which the formalities specifically prescribed were
designed to guard. . . . These rulings show the under-
standing of the court to be that the attestation is of the
genuineness of the signature of the testator, and not of the
contents of the paper."

There is no question in this case, upon the testimony, but
that the writing to which the witnesses affixed their sig-
natures was intended by the deceased to be her will. This
is fully established by the evidence of Hall, who drew
the instrument, and witnessed the same; and this fact
would not be more clearly established had the other wit-
ness, Hattie Wyman, been able to testify that the deceased
asked her to sign as a witness to her will. Her memory
of that fact would not be as satisfactory as the evidence
of the man who was called upon to draw the instrument,
and had full knowledge of its contents, and of the purposes
for which it was made.

We are satisfied that the learned circuit judge erred in
holding that the will was not attested and subscribed in the
presence of the testator by two competent witnesses.

But it is further insisted by the learned counsel for the
respondents that the ruling of the circuit court ought to be
affirmed, because there was no evidence given as to the
competency of the deceased to make a will at the time this

was made. The answer to this contention is — *First*, that the court below had not passed upon that question; and, *second*, that, in the absence of any testimony tending to show a want of testamentary capacity, slight evidence of such capacity is all that is needed to authorize its probate. The evidence in this case certainly tends to show nothing impeaching the testamentary capacity of the deceased at the time the will was executed, and there is some direct evidence showing such capacity. The witness Hattie Wyman was asked the following question: "How did Mrs. Allen seem to be at the time, so far as her mind was concerned?" And she answered: "I did not observe anything unusual." This witness was intimately acquainted with deceased. This testimony, together with the other matters as to what she did at the time, is sufficient to entitle the will to probate, so far as her soundness of mind is concerned, there being nothing in the case which in the least tends to show affirmatively a want of testamentary capacity. This court has held, and we think properly, that, in a case where a will is contested on the ground that the deceased was insane or otherwise incompetent to make a will at the time the same was made, the burden of proof is on the contestant, and that the proponent need not, in making out his side of the case, make full proof of the capacity of the testator, but may content himself by making a *prima facie* case of capacity, and introduce his further proofs on that question after the contestant has made his proof. See *Will of Silverthorn*, 68 Wis. 372; *Will of Cole*, 49 Wis. 179. In a case which does not disclose any facts which tend to show incompetency, slight evidence of the competency of the testator is sufficient to put the contestant to his proofs upon that question.

We do not pass upon the question raised as to the validity of the provisions of the will presented for probate in this case. If the same was duly signed and witnessed, and if

there was no fraud or undue influence, and the deceased was competent to make a will, then we think it should be admitted to probate. As there has not been a trial upon the real issues in the case, the judgment of the circuit court is reversed, and the cause is remanded for a new trial.

*By the Court.*— Ordered accordingly.