Estate of Lagershausen : Wood, Appellant, vs. Kusta, Respondent.

*March 10—April 7, 1937.*

For the appellant there was a brief by *Daniel L. Brooks,* attorney, and *Henry V. Kane* of counsel, both of Milwaukee, and oral argument by *Mr. Brooks.*

*Frank J. Kusta,* of Milwaukee, in *pro. per.* for the respondent.

FOWLER, J. We are constrained to hold that the findings of fact of the trial judge that due signing and publication of the will by the testator was not established are contrary to the great weight and clear preponderance of the evidence, notwithstanding the unusual location of the signatures of the testator and the scrivener.

The statute prescribing the requirements for the execution of a will only requires, under circumstances such as are here involved, (1) that the will be in writing; (2) that it be signed by the testator; and (3) that it be "attested and subscribed in the presence of the testator by two or more competent witnesses in the presence of each other." Sec. 238.06, Stats.

If the above requirements were complied with the instrument in suit must be admitted to probate. "Mere informality, where the essentials required are substantially satisfied, is im-

material." *Will of Griffith,* 165 Wis. 601, 606, 163 N. W. 138.

(1) That the instant will was in writing is manifest, so we need only to consider whether requirements (2) and (3) above stated were met.

(2) The signing of the testator at the top instead of the bottom of the will was a mere irregularity. Signing by the testator at the beginning of the will instead of at the end, if intended as his authenticating signature, is sufficient. 68 C. J. p. 661, § 294, citing many cases, among them *Meades v. Earle,* 205 Mass. 553, 91 N. E. 916; *In re Norris' Estate,* 221 Mich. 430, 191 N. W. 238; *In re Thomas' Estate,* 243 Mich. 566, 220 N. W. 764, which fully support the text. A decision of this court, *Will of Young,* 153 Wis. 337, 141 N. W. 226, is in accord with this view. It was there held that the fact that the testator's signature follows instead of precedes the attesting clause is immaterial. Upon like reason it is immaterial if it be at the beginning of the will instead of at the end.

Two witnesses testified positively that they saw the testator sign the will in suit. The scrivener testified that he told the testator to sign at the top line and saw him sign there, and that Mrs. Rector, one of the persons signing as a witness also saw him sign. Mrs. Rector testified positively four separate times that she saw him sign. The county judge in the course of a prolonged cross-examination did get the witness to say he might possibly have written his name on some piece of paper other than the will, but there is no testimony or intimation that the testator signed any other piece of paper, or that any other piece of paper was present, or that he signed his name more than once. It is thus without dispute that the testator signed the will. That he signed it with intent to make the instrument his will and knowing that it was his will is manifest from the entire evidence.

(3) That the will was "attested and subscribed in the presence of the testator by two or more competent witnesses in the presence of each other" is also without dispute. A Mr. Hill, one of the two witnesses who signed below the attesting clause, did not see the testator sign the will, but Mrs. Rector, the other who there signed, did see him sign it, and the scrivener saw him sign it. Hill, Mrs. Rector, and the scrivener all signed their names to the will "in the presence of the testator and in the presence of each other." That all three of these persons signed their names with the intention of attesting it and that the testator had them sign it to attest it is without dispute. After the will was signed by the testator the scrivener told the testator that he "had to have three witnesses." The testator said that the scrivener was one, and Mrs. Rector was another, and the scrivener said that they would call Mr. Hill, who resided in an upstairs flat, for another. Mr. Hill was thereupon called down, and all three then signed, Mrs. Rector and Hill below the attesting clause, and the scrivener where stated in the statement of facts preceding the opinion. Hill was asked by the scrivener to sign the testator's "will." He spoke to the testator "and signed it [the will] for him." The testator had already signed the will. "It is not essential [to the validity of a will] that the testator sign in the presence of the witnesses, if he has in fact signed prior to the time they do." *Flood v. Kerwin,* 113 Wis. 673, 679, 89 N. W. 845.

The county judge expressly found that the "instrument was not . . . published or declared by the testator or any one else, to be his last will." This also is contrary to the undisputed evidence. Hill testified that the testator told him the instrument was his will. Mrs. Rector testified she was told it was his will, and she signed because she was requested to sign as a witness, but could not say whether this was said by the testator or by the scrivener. The scrivener testified the tes-

tator expressly stated the instrument was his will. There is no evidence to the contrary. A direct express request by the testator to the witnesses that they sign as attesting witnesses, if they sign in the presence of the testator without objection by him, he knowing that they are signing as such witnesses, is sufficient. *Will of Meurer,* 44 Wis. 392, 399. A request by the scrivener in the presence and hearing of the testator to sign as attesting witnesses is sufficient publication and a sufficient attestation if the witnesses sign in the presence of the testator and the presence of each other. *Will of Schacht,* 175 Wis. 54, 56, 182 N. W. 981. Request and assent may be implied from circumstances. *Skinner v. American Bible Society,* 92 Wis. 209, 213, 65 N. W. 1037; *Will of Griffith, supra.*

As there is no doubt that the testator was competent, that no influence was exercised or attempted, that he intended to make and thought he had made a valid will, and that the requisite formalities of execution were understandingly and substantially complied with, the will should not be denied probate. *Will of Grant,* 149 Wis. 330, 334, 135 N. W. 833; *Will of Griffith, supra.*

*By the Court.*—The judgment of the county court is reversed, and the record is remanded with instructions to enter judgment admitting the propounded will to probate.