WILL OF HOME: FAIRWEATHER and others, Appellants, vs. LOVE and others, Respondents.

*February 7—May 9, 1939.*

228

For the appellants there were briefs by *Quarles, Spence & Quarles* of Milwaukee, attorneys for Robert Home Fairweather, Isabella Jane Fairweather, and Jessie Home Magie; *Dexter I. Munson* of Milton Junction, attorney for Matthew Reid, William A. McEwan, and Jane Shaw; and *Hooker & Wagner* of Waupun, attorneys for L. G. Curtis, administrator of the estate of Ada Curtis; and *Dexter I. Munson, Cleland P. Fisher* of Janesville, and *Howard T. Foulkes* of Milwaukee, of counsel, and oral argument by *Mr. Foulkes* and *Mr. Fisher. Michael J. Dunn, Jr.,* of Milwaukee, was also on the brief on the motion for rehearing.

For the respondents A. N. Love and Mary M. Alexander there were briefs by *Lecher, Michael, Whyte & Spohn,* attorneys, and *Daniel K. Hopkinson* of counsel, all of Milwaukee, and oral argument by *Mr. Geo. D. Spohn* and *Mr. Hopkinson.*

For the respondent beneficiaries there were briefs by *Jeffris, Mouat, Oestreich, Wood & Cunningham* of Janesville, attorneys for Beloit College, *George E. Morton* of Milwaukee, attorney for the Wisconsin Farm and Home School Association, *Zimmers, Randall & Zimmers* of Milwaukee, attorneys for the American Red Cross, and *Beuscher & Beuscher* of Milwaukee, attorneys for the Salvation Army, and oral argument by *Otto A. Oestreich* and *Clifford A. Randall.*

The following opinion was filed March 7, 1939:

FOWLER, J.   The case is a will contest grounded on a claim of insufficient execution.   Sec. 238.06, Stats., provides:

"*How wills to be executed.* No will made within this state since the first day of January, 1896, except such nuncupative wills as are mentioned in this chapter, shall be effectual to pass any estate, whether real or personal, or to charge or in any way affect the same unless it be in writing and signed by the testator or by some person in his presence and by his express direction, and attested and subscribed in the presence of the testator by two or more competent witnesses in

the presence of each other; if the witnesses are competent at the time of such attesting their subsequent incompetence, from whatever cause it may arise, shall not prevent the probate and allowance of the will if it be otherwise satisfactorily proved."

Two instruments are involved, one purporting to be a will and the other a codicil. Both were admitted to probate. It is claimed that neither was executed according to the statute because not signed by the testatrix in the presence of the witnesses. The purported will is a printed form with blank spaces for the insertion of writing. The material portions are as follows, the italicized portions being in the handwriting of Miss Home:

"I, *Anne E. Home* of *Milwaukee* in the County of *Milwaukee* in the state of *Wisconsin,* being of sound mind and memory, do make, publish and declare this my last will and testament, hereby revoking all former wills, bequests and devises by me made.

"I hereby will and direct the payment of my just debts out of my estate."

Then follows, all in the handwriting of Miss Home, six specific money bequests for educational, religious, and charitable purposes, aggregating $17,500, five specific money bequests to individuals aggregating $7,000, and a residuary clause as follows:

"*The residue and remainder of all my estate not disposed of to Red Cross, to Rescue Mission, and Salvation Army.*"

The only place in the instrument where the signature of Miss Home appears is at the beginning, in the blank space left for the insertion of the name of the testator. The signatures of two persons are affixed to the instrument as witnesses. These witnesses signed in the presence of the testatrix and of each other. Neither witness saw the testatrix sign her name in the blank space at the top. One of them, Miss Van Beckum, a nurse thirty-nine years old, testified that Miss Home said she had signed the will. The other, an

elderly woman, Mrs. Krempel, seventy-five years of age, testified that Miss Home said she would sign it. The written portions of the will indicate, except as hereinafter stated, that they were all written by the same pen and with the same ink and at the same time so far as uniform pressure and handwriting characteristics tend to indicate the latter. When the witnesses signed, the instrument was folded back so that the contents were not observable. According to Mrs. Krempel it was folded back in quarters so that the only portion observable was the portion at the end designated as the place where the witnesses were to sign. Mrs. Krempel had been told a couple of days before by Miss Home that she was going to make her will and was then asked to come to be a witness to it. At the immediate time Miss Home told her maid "to go and get the paper." Miss Van Beckum testified that Miss Home in the presence of herself and Mrs. Krempel declared the instrument signed by the witnesses to be her last will and testament.

The codicil is not on a printed form and not in the handwriting of the testatrix. It is witnessed by the same persons who witnessed the will. It bears date three years later than the will. Miss Van Beckum testified positively that she saw Miss Home sign the codicil at the time the witnesses signed. In this she is positively corroborated by a Mrs. Alexander upon whose testimony the trial judge stated in an opinion filed that he placed great reliance. Mrs. Alexander as an heir would take about $10,000 if probate of the will were denied. By the codicil to the will she was given a ring worth not over $200. She was characterized in the trial judge's opinion as a highly intelligent person more credible than Mrs. Krempel wherever their testimony differed.

In view of the findings of the trial judge and his definitely expressed opinion as to the comparative credibility of Mrs. Alexander and Mrs. Krempel, we cannot say that the finding of the trial judge is against the "great weight and clear pre-

ponderance of the evidence" and must therefore affirm the judgment. It so closely coincides with its facts and the law involved in the cases of *Estate of Lagershausen,* 224 Wis. 479, 272 N. W. 469, and *Will of Johnston,* 225 Wis. 140, 273 N. W. 512, recently decided, that we see no reason to discuss further the law involved. Two propositions were there decided: That the signature of the testator inserted in the blank space left in a printed form of a will for writing of the testator's name at the beginning of a will, if written as and for his signature to the will in executing it as his will is sufficient, and that if the signature of the testator is on the instrument when the witnesses signed it, it is immaterial that the witnesses did not see him affix the signature or see the signature, if the instrument was at the time declared by the testator to be his will and was signed by the witnesses in his presence and the presence of each other for the purpose of attesting it. We let these propositions stand upon the support given them in those opinions.

It is also claimed by the appellants that two alterations of the will appear upon its face, and that these alterations render the will invalid. Alterations made before execution of the will are of course part of the will as originally executed. Alterations are entirely immaterial unless they were in fact made after the will's execution. Their nature and appearance is sometimes such as to raise a presumption that they were made before the will was executed and sometimes such as to raise a presumption that they were made thereafter. When the latter presumption arises the burden is on the proponent to prove that they were made prior to execution. No proof was produced in the instant case by either side. A note to the case of *Martin v. Martin,* 67 A. L. R. 1127, 1138, covers the subject of the time of alterations. The cited case is to the effect that an alteration which has no effect upon the dispositive portions of the will and that one that is the mere filling in of a blank require no explanation. Under these rules the alterations here involved require no explanation, as one has no dis-

positive effect in view of the codicil, and the other merely fills in a blank space left at the time of drafting.

The alterations here involved are of specific legacies. One is as follows: "Miss Marie Volz, three thousand dollars."

$3,000

The word "three" and the figure "3" appear to have been substituted for another word and figure after erasing them. This becomes immaterial because the codicil contains the following clause: "I give devise and bequeath to Marie Volz the sum of two thousand ($2,000) dollars, making five thousand ($5,000) dollars in all and direct my executors to pay the inheritance tax on that sum to be paid to her." Miss Volz therefore takes $5,000 free of inheritance tax under the codicil. The other alteration occupies a single line in the will. "Mrs. Mary Boyd, five hundred dollars." The words "five

$500

hundred dollars" and the figures "$500" are written in different ink than the words "Miss Mary Boyd" and the rest of the writing in the body of the will. They are plainly in the handwriting of the testatrix, but in somewhat smaller script than the rest of her writing. The words "five hundred dollars" were obviously written in to fill a blank.

Aside from this the alterations have no effect to invalidate the will as a whole. They would only invalidate the change. Having been made by the testatrix herself in her own handwriting, if they were made after the execution of the will, the effect but for the codicil would be to invalidate the changes and leave the will for probate as it stood when executed. It would leave Miss Volz a legacy of $1,000 instead of $3,000 and leave Mrs. Boyd with no legacy at all. Alterations made after execution "form no part of the will and are of no effect whatever, unless they sufficiently support an inference of cancellation." *City Nat. Bank v. Slocum* (6th Cir.), 272 Fed. 11, 16, *certiorari* denied 257 U. S. 637, 42 Sup. Ct. 49, 66 L. Ed. 409. Moreover the codicil was a republication of the will with the alterations incorporated. *Linnard's Appeal,* 93

Pa. 313. The recent case of *Will of Byrne,* 223 Wis. 503, 271 N. W. 48, clearly implies that alterations in a will do not render it void and have no effect except as they operate as partial revocations. Even if the legacy to Mrs. Boyd was invalid because the amount of it was written in after the will was executed it would not avail the appellants. They would not be at all affected by such invalidity. Only the residuary legatees would be affected by that, and they are not complaining.

The case of *In re Wilson,* 8 Wis. *171, *175, is relied on by appellants as establishing the law of this state that alteration of the will renders it void and not entitled to probate in its original form. It is true that the court denied probate to a will because of changes made therein by a legatee after it came into his possession. If that be the rule when the will is propounded by the person who made the alterations, it does not follow that a will must be denied probate when the alteration is made by the testatrix and the will is propounded by executors named therein or by beneficiaries thereunder not party to the alterations. We do not perceive that beneficiaries should be deprived of their rights under a will valid when executed by changes made therein for his own advantage by some other beneficiary. But if that be so, that is not in the instant case. Judge PAINE who decided the *Wilson Case, supra,* in the county court, and whose decision after reversal by the circuit court on appeal was reinstated by this court, stated in a written opinion filed:

"I shall not examine what would be the effect if it appeared that these alterations were made by the testator after the execution of the will. . . . Probably in neither case would they invalidate it."

This negatives intent on the part of the county judge and of this court to lay down a rule applicable to this case.

*By the Court.*—The judgment of the county court is affirmed.

The following memorandum was filed May 9, 1939:

FOWLER, J. (*on motion for rehearing*). There is a motion for a rehearing in this case grounded on the statement in the opinion of the court that both the will and the codicil which were before the court were admitted to probate, whereas only the will was admitted and the admission of the codicil was withheld because in that the competency of the testatrix as well as the execution of the codicil was involved and the former question was not gone into.

That the codicil was not admitted seems to us immaterial, but that the trial judge found that it was properly executed was material. He recited in the opinion: "She [the testatrix] made a codicil to it, which I find was actually executed according to law, signed by the deceased, and witnessed thereafter by two competent witnesses, who signed in the presence of each other, and in the presence of the deceased." This makes applicable what is said in the opinion about the comparative credibility of Mrs. Krempel and Mrs. Alexander. Mrs. Krempel was disbelieved because her testimony was contrary to that of Mrs. Alexander. This left the question of the signature of the testatrix to the will to be determined from the testimony of Miss Van Beckum, who was unimpeached and that of Mrs. Krempel who was not only impeached but discredited. The former testified the will had been signed by the testatrix when it was witnessed, the latter testified it was not. In this situation the statement in the opinion that "we cannot say that the finding of the trial judge is against the 'great weight and clear preponderance' and must therefore affirm the judgment" must stand notwithstanding the mistake of this court in saying that the codicil was admitted to probate. All other matters presented by the motion for rehearing were in the original briefs and considered and passed upon by the court in the opinion filed.

*By the Court.*—The motion for rehearing is denied with $25 costs.