ESTATE OF WHITE: STRAHOTA, Appellant, vs. STRAHOTA and others, Respondents.

*May 2—June 5, 1956.*

For the appellant there were briefs by *Harry Stel* of Markesan, and *Bogue & Sanderson* of Portage, and oral argument by *David Bogue*.

For the respondents there was a brief by *McMonigal & Wildermuth* of Berlin, and *Harold Geyer* of Platteville, attorneys, and *Horace W. Wilkie* of Madison of counsel, and oral argument by *Mr. Geyer* and *Mr. Wilkie*.

BROADFOOT, J.   This court has often held that one of the most important rights that a normal adult person has is his power to dispose of his property by will as he chooses. In fact, this right has been referred to by this court as a sacred right.  The form of wills and the requirements for legal execution thereof are subject to legislative control.  It is the policy of courts to sustain a will as legally executed if it is possible to do so consistently with the requirements of the statute.  This court has no power to substitute its judgment for that of the legislature as to the essentials of a will and it cannot lower the statutory requirements prescribed, nor can it add any other conditions.

Sec. 238.06, Stats., at the time of the execution of the instrument and at the time of its presentation, contained three requirements: (1) That the instrument be in writing; (2) that it be signed by the testator or by some person in his presence and by his express direction; and (3) that it be attested and subscribed in the presence of the testator by two or more competent witnesses in the presence of each other. It is necessary to review the testimony in the light of these statutory requirements.

The testimony shows that Marvin Strahota is the husband of Marcella Frances Strahota.  He and his wife maintain a home at Marquette where Marie White operated a hotel during a portion of each year.  Marvin Strahota had a resort

and motorboat business there. In the winter he worked in Milwaukee. Mrs. White usually spent the winter months in Milwaukee with another son, Clarence Strahota. Marvin and Marcella Strahota had one daughter, Delores, who was married to one Merrill Schweder. On March 14, 1953, Marvin Strahota drove to Marquette from Milwaukee and he gave his mother, Marie White, a ride with him to his home. They stayed in Marquette until March 17th.

March 16th was the birthday of Delores Schweder. Glenn C. Schweder is a brother of Merrill Schweder, and on March 16th Glenn C. Schweder and his wife drove to Marquette to bring a birthday present to Delores. They stopped at the Marvin Strahota residence, but found that Marie White was the only one there. She told them that the others were down at the boathouse where Marvin Strahota was working on a boat motor. Glenn Schweder and his wife drove down to the boathouse but became chilled and returned to the house to get warm. As they stood by the stove in the living room of the Marvin Strahota home they could see Marie White sitting alone at the kitchen table where she was engaged in writing. Soon thereafter she asked them to come out and sign a paper or some papers. As they stood by the kitchen table Mrs. White pushed the instrument over to them. Her signature was already thereon. She said nothing further.

Glenn C. Schweder testified that he read enough of the instrument to know it was a will. Mrs. Schweder also testified that she knew the document was a will when she signed it. The Schweders' signed the document in the presence of Mrs. White and in the presence of each other.

The contestants contend that the will was improperly executed because Marie White did not sign the same in the presence of the witnesses and she neither acknowledged that the signature thereon was her signature nor did she declare or acknowledge the document to be her will. Many informal documents have been sustained by this court. Examples

thereof are *Will of Griffith,* 165 Wis. 601, 163 N. W. 138; *Estate of Tollefson,* 198 Wis. 538, 224 N. W. 739; *Will of Home,* 231 Wis. 227, 284 N. W. 766, 285 N. W. 754; and *Will of Wnuk,* 256 Wis. 360, 41 N. W. (2d) 294.

Because of the facts in certain will contests, language has been included in some of our decisions in will-contest cases that afford some comfort to the contestants. Examples that they quote are as follows:

"It is sufficient under sec. 238.06, Stats., if the maker of the will acknowledges in some form that it is his will and requests the witnesses to subscribe thereto as such witnesses." *Will of Garrecht,* 195 Wis. 596, 599, 219 N. W. 378.

In *Estate of McCarthy,* 265 Wis. 548, 61 N. W. (2d) 819, we were quoting from the memorandum decision of the trial court and the following language appeared (p. 553):

" 'It is generally held that if testator acknowledges the instrument in question as his will it is sufficient under the statute.' *Estate of Lagershausen,* 224 Wis. 479, 272 N. W. 469; *Will of Johnson,* 225 Wis. 140, 273 N. W. 512; *Will of Home,* 231 Wis. 227, 284 N. W. 766."

If we apply the requirements of sec. 238.06, Stats., to the undisputed testimony of the witnesses and to the document itself we find that the instrument is in writing. A comparison of the writing therein with other writings by Marie White shows that it is in her own handwriting and that it was signed by her. Glenn C. Schweder testified that it was her signature and the court so found. It was attested and subscribed in the presence of the testator and of each other by two witnesses whose competency is not challenged. The requirements of the statute as to the legal execution of the will were thus met.

Assuming, without deciding, that some further acknowledgment or declaration by Marie White was required, no formal or precise method of acknowledging either the signature or the instrument is necessary. 1 Page, Wills (lifetime

ed.), p. 627, sec. 348. Many states have that requirement by statute. Others have made that a requirement when construing the meaning of the words "attested and subscribed." In some states the courts have given a different meaning to the words. In Wisconsin, however, they have been held to be synonymous. In *Skinner v. American Bible Society,* 92 Wis. 209, 212, 213, 65 N. W. 1037, this court said:

"This instrument was in writing. It is not questioned that it bears the genuine autograph signature of the testatrix, subscribed before the attestation. It was not necessary that she should have affixed her signature in the presence of the witnesses. Cassoday, Wills, sec. 114. It was subscribed by two competent witnesses, in the presence of the testatrix. What lacks it of being perfectly executed? Obviously, nothing, unless it appears that the subscribing witnesses failed to attest as well as to subscribe it.

"It would be difficult, no doubt, to satisfactorily define that element in the attestation of a will which is not also present in the mere subscription to a will. No physical act is required in the one which is not also required in the other, and it is not clear what mental act or fact appropriate to the one is absent from the other. And the definitions of the most recent lexicographers do not make it quite perspicuous. The Century Dictionary defines an *attesting witness* to be 'a person who signs his name to an instrument to prove it, and for the purpose of identifying the maker or makers.' The Standard Dictionary defines *attestation* to be 'the subscription by a person of his name to a written instrument to signify that the same was executed in his presence, or that it is correct.' Since it is well settled in this state that it is not necessary to the validity of a will that the witnesses, at the time when they *attest* it, shall know the nature of the instrument they are attesting (*Allen v. Griffin,* 69 Wis. 529), it is not clear what, if anything, attestation is intended to add to the mere fact of subscription. However that may be, it is well settled that an instrument in writing, signed by the testator, and subscribed in his presence and at his request, which may be implied from circumstances, by two competent witnesses, is *prima facie,* and so far as formality of execution goes, a

valid will. Anything further, in mere form, is not contemplated, and would be mere supererogation."

In 1 Page, Wills (lifetime ed.), p. 629, sec. 348, appears this statement:

"The testator may acknowledge his signature by his acts and gestures, without making any express acknowledgment of the signature in words. If, without referring to such instrument as his will, the testator produces it with his signature visible, and requests witness to sign it, this is a sufficient acknowledgment."

The author cites as one authority for this statement *Allen v. Griffin*, 69 Wis. 529, 35 N. W. 21.

In this case the signature of Marie White was exhibited to the witnesses upon the will and they were requested to sign. All statutory requirements were met and the trial court was in error when he refused to admit the same to probate as the last will and testament of Marie White.

*By the Court.*—Judgment reversed. Cause remanded with instructions to grant the petition for probate of the document propounded.