ESTATE OF HULETT: GRAFFIN, Appellant, v. HULETT, Executrix, Respondent.

*December 1, 1958—January 2, 1959.*

For the appellant there were briefs by *Curley & Sheedy,* attorneys, and *William P. McGovern* of counsel, all of Milwaukee, and oral argument by *Mr. Patrick T. Sheedy* and *Mr. McGovern.*

For the respondent there were briefs by *John L. Newman,* attorney, and *Robert F. Kirst* and *A. L. Skolnik* of counsel, all of Milwaukee, and oral argument by *Mr. Newman* and *Mr. Skolnik.*

FAIRCHILD, J.  It was established that the propounded codicil was signed in Illinois and that Hulett was a resident of Wisconsin. Sec. 238.07, Wis. Stats., provides: "A last will and testament executed without this state in the mode prescribed by the law either of the place where executed or of the testator's domicile shall be deemed to be legally executed and shall be of the same force and effect as if executed in the mode prescribed by the laws of this state; provided, said last will and testament is in writing and subscribed by the testator; . . ." It follows that the propounded codicil was sufficiently executed if the execution met the requirements of

either the Wisconsin or Illinois statute. Mrs. Graffin contends that the witnesses signed in the presence of each other and that the requirements of sec. 238.06, Wis. Stats., were fulfilled. She further contends that ch. 3, sec. 194, Smith-Hurd Illinois Anno. Stats. (perm. ed.), does not require that the witnesses subscribe in the presence of each other, and that the execution of the propounded codicil fulfils the requirements of the Illinois statute in any event.

Mrs. Hulett argues that, as found by the trial court, the witnesses did not subscribe in the presence of each other. She has not disputed Mrs. Graffin's claim as to the applicable law of Illinois, but contends that since Mrs. Graffin did not, in the trial court, give any notice of such claim, Mrs. Graffin cannot rely upon the Illinois law upon appeal.

1. *Did the witnesses subscribe in the presence of each other?* Sec. 238.06, Wis. Stats., requires that a will be "attested and subscribed in the presence of the testator by two or more competent witnesses in the presence of each other." The defect asserted is that Mr. Kohen and Mr. Papia were not in the presence of each other when they attested and subscribed the codicil. No decision dealing with this precise question has been cited to us. There are, however, decisions in Wisconsin and elsewhere dealing with the question of when witnesses can be said to be in the presence of the testator when attesting and subscribing a will. In *Will of Meurer* (1878), 44 Wis. 392, 400, it was held that, "It is not necessary that the evidence should show that the testator in fact saw the witnesses subscribe their names; it is sufficient if he could have seen them from the place where he was sitting." In that case the witnesses signed in a room different from the one in which the testator was, but it would have been possible for the testator to see the witnesses through the open doorway if he had cared to see them.

In another case the testator was only a few feet away from the witnesses when the witnesses signed, but they were in

another room where he could not see what was being done. *Estate of Wilm* (1923), 182 Wis. 242, 244, 196 N. W. 255. It was said, "Even if the word 'presence' is construed to mean within a sphere where the senses of the testator can inform him of the performance of the act, the present case would not come within the statute, for he could neither hear ordinary conversation in the kitchen nor see what was being done on the kitchen table from any point in the bedroom he occupied. It is true the distance from the kitchen table through the wall of the bedroom to the bed was perhaps less than 10 feet, but the solid wall prevented both the senses of hearing and seeing from ascertaining what was being done."

In the situation before us the two witnesses were close enough to each other to have met the standard of physical proximity stated in the two cases cited. Nevertheless, we hold that the concept of *presence* includes a state of mind, as well as physical proximity. We think that under sec. 238.06, Wis. Stats., each witness must be aware that the other is signing. In 1 Page, Wills (lifetime ed.), p. 640, sec. 354, it is said, "A person in whose presence an act is done must be informed of what is taking place so that he actually knows what is being done; or the act is not done in his presence, no matter how close to him it may be done. A will is not signed in the presence of one who is attending to another matter and does not know what is taking place until he is told later."

The propounded codicil contained no attestation clause and the complete and positive testimony of the witnesses does not permit reliance upon any presumption of due execution. It was clearly established that when each witness signed the document the other was totally unaware of the signing; Kohen remained unaware of Papia's signing until long afterward. Therefore the requirements of sec. 238.06, Wis. Stats., were not fulfilled.

2. *Has inquiry into the law of Illinois been waived?*
Portions of sec. 328.01, Wis. Stats., provide:

"(1) Every court of this state shall take judicial notice of the common law and statutes of every state, territory, and other jurisdiction of the United States.

"(2) The court may inform itself of such laws in such manner as it may deem proper, and the court may call upon counsel to aid it in obtaining such information. . . .

"(4) Any party may also present to the trial court any admissible evidence of such laws, but, to enable a party to offer evidence of the law in another jurisdiction or to ask that judicial notice be taken thereof, reasonable notice shall be given to the adverse parties either in the pleadings or otherwise."

Mrs. Hulett relies upon sub. (4) and points out that Mrs. Graffin did not give notice as required.

We are also mindful of the general principle that ordinarily a party will not be permitted to rely in the supreme court upon matters not brought to the attention of the trial court.

We conclude, however, that this is a situation in which the law of Illinois should be inquired into notwithstanding the statutory provision and general principle above referred to. It is not our place to speculate upon the relationships of the parties involved here, nor the motivation for the acts of the deceased. What is clear is that he only narrowly failed to execute the codicil in a manner which would be valid under sec. 238.06, Wis. Stats., that his acts a week later when he accompanied Mrs. Graffin to the post office and to the bank where she placed the codicil in a safety-deposit box were consistent with his intention as expressed in the codicil, and that he lived for a month thereafter and apparently did not avail himself of the opportunity to revoke it. It is also clear that if the manner of execution was valid in Illinois, a decision by us that Mrs. Graffin waived her right to have the law of Illinois applied would thwart a valid will. "This court

has often held that one of the most important rights that a normal adult person has is his power to dispose of his property by will as he chooses. In fact this right has been referred to by this court as a sacred right. . . . It is the policy of courts to sustain a will as legally executed if it is possible to do so consistently with the requirements of the statute." *Estate of White* (1956), 273 Wis. 212, 214, 77 N. W. (2d) 404. It has been held that there is a public policy involved in the establishment of every legally executed will and that the court owes a duty to the public even if not to the testator to adjudicate as to the legal existence of a propounded document as a will. *Will of Dardis* (1908), 135 Wis. 457, 464, 115 N. W. 332. Accordingly, we think that the duty of the court toward the public and the deceased, if not toward the parties in interest, requires consideration of whether the codicil not executed in compliance with sec. 238.06 was, nevertheless, valid under sec. 238.07 because executed in the manner prescribed in Illinois.

3. *Determination of the applicable Illinois law.* It does appear that ch. 3, sec. 194, Smith-Hurd Illinois Anno. Stats. (perm. ed.), prescribing the manner of execution of a will requires that two or more witnesses attest the will in the presence of the testator, but does not specify that the witnesses subscribe in the presence of each other. Appellant has cited several Illinois cases, including *Estate of Elkerton* (1942), 380 Ill. 394, 44 N. E. (2d) 148, which seem to hold that witnesses need not subscribe in each other's presence. We think, however, as a matter of policy that the question of whether the execution of the propounded codicil fulfilled in all respects the requirements of the Illinois statutes should be determined in the trial court.

Because this issue has not been determined in the trial court and because of the great respect always accorded by this court to the right to make a will, we exercise our discre-

tion under sec. 251.09, Stats., and reverse the judgment of the county court so that the manner of execution of the propounded codicil may be considered under the law of Illinois, the state where it was signed.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings not inconsistent with the opinion.