WALDEN, Chief Judge.
This is a will construction case. Amy Winona Golden died on April 21, 1967. Her will, dated March 22, 1967, was duly admitted to probate.
A petition for construction of will was filed requesting the county judge to determine whether Article Four was a part of the will. That article provided that, subject to certain conditions, appellant, Kensel Ambrose, would receive the residence of testatrix.
Evidence adduced at the hearing on the petition revealed that decedent, prior to execution of her will, had crossed out Article Four with strokes of her pen and had written above that article, “omit and cancel article four.” She declared at that time that she wished the house to pass to her residuary beneficiary. The notation was initialed by deceased and by two witnesses.
Decedent then proceeded to execute her will in accordance with law.
The county judge, in ruling on the petition for construction, held that “the devise described in Article Four fails by reason of the fact that Article Four is not a part of said Will, and the house described therein becomes a part of the residue of the estate * * *; [t]hat the Will * * * is hereby construed to eliminate and delete said Article Four as performed by testatrix and recited above.”
Kensel Ambrose appeals. We affirm.
Appellant acknowledged that the general rule of law is that alterations made in a will prior to execution are effective. But it is his contention that this rule has not been established in Florida, and in fact would be contrary to Section 731.13, F.S. 1967, F.S.A. That section entitled “Revocation by written instrument,” provides:
“A will or any part thereof may be revoked or altered by a subsequent written will, codicil or other writing, declaring such revocation or alteration; provided, that the same formalities required for the execution of wills under this law are observed in the execution of such will, codicil or other writing.”
Appellant urges that this section applies equally to changes made before and after execution. We disagree. Section 731.13 is wholly inapplicable to the facts before us.
That statute delineates the formal requirements for alteration or revocation of an existing will. We are concerned with an alteration made prior to execution, when in fact and law, no will existed. The situations are dissimilar.
The county judge correctly followed the general rule that alterations are valid and effective when made prior to the execution of the will, and that the will as changed is the one to be probated.[1]
Affirmed.
OWEN, J., and GOODING, MARION W., Associate Judge, concur.

. City Nat. Bank of Columbus v. Slocum, 1921, 6 Cir., 272 F. 11, cert. den. 257 U.S. 637, 42 S.Ct. 49, 66 L.Ed. 409; In re Home’s Will. 1939. 231 Wis. 227, 284 N.W. 766, reh. den. 231 Wis. 227, 285 N.W. 754; In re Morrow’s Estate, 1903, 204 Pa. 479, 54 A. 313.