**BORGMAN, Estate of, In re: BORGMAN, Plaintiff-Appellant, v. DILLOW, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4554.   Decided May 24, 1951.

Hartell F. Denmure, Aurora, Indiana, Charles A. Eberly, Columbus, for appellant.

Richmond & Richmond, London, for appellee.

## OPINION

By MILLER, J.

This is a law appeal from a judgment of the Probate Court refusing to admit the purported will of Etta M. Borgman to probate for the reason that her signature was not attested in accordance with the requirements of §10504-3 GC. Upon this question the record reveals that the instrument was written in the testatrix's own handwriting and properly signed at the end thereof upon a printed form customarily used in this state; that the signature was not made in the presence of the witnesses and they were not told by her that she had signed it; they were merely asked to witness her will.

The record reveals further that the attestation clause was on the back side of the form and therefore in order for the witnesses to see the signature it would have been necessary for them to turn the instrument over for this purpose. Both of them testify that from the manner in which it was presented to them they could not see the face of the instrument and no effort was made by them to examine the same; hence, they did not know whether the testatrix's signature was on the instrument at the time they signed it. The attestation clause for the testatrix as well as that for the witnesses bears the same date of November 18, 1948.

The statute controlling in this case is §10504-3 GC, which provides:

"Except nuncupative wills, every last will and testament shall be in writing, but may be handwritten or typewritten. Such will shall be signed at the end by the party making it, or by some other person in his presence and by his express direction, and be attested and subscribed in the presence of such party, by two or more competent witnesses, who saw the testator subscribe, or heard him acknowledge his signature."

The appellant urges that this statute must be liberally construed, citing §10214 GC, which is as follows:

"The provisions of part third and all proceedings under it, shall be liberally construed, in order to promote its object, and assist the parties in obtaining justice. The rule of the

common law, that statutes in derogation thereof must be strictly construed has no application to such part; but this section shall not be so construed as to require a liberal construction of provisions affecting personal liberty, relating to amercement, or of a penal nature."

But our Supreme Court has held that the statutory requirements must be complied with regardless of the apparent intention of the testatrix.

In **Sears v. Sears, 77 Oh St 104,** the first syllabus provides:

"In the interpretation of the statute regulating the execution of wills the intention of the legislature controls, and a will that is not executed as required by statute is invalid notwithstanding the intention of the testator."

We are of the opinion that since the witnesses signed at the request of the testatrix who produced the instrument for the purpose of the acknowledgment, all of the requirements of the statute were met, providing the testatrix had previously signed the same. **Blagg v. Blagg, 55 Oh Ap 518.** It seems fundamental that the testatrix must sign her name to the will before the witnesses are requested to sign their names, or at least the signing must be one continuous transaction, for otherwise they would have no signature to attest. In **Slemmons v. Toland, 5 Oh Ap 201,** the Court held that a will otherwise regularly executed in conformity with the provisions of the statute is not invalidated by the fact that one of the subscribing witnesses to the will signed as a witness before the testator signed, where the signing was one continuous transaction. At page 207 the Court says:

"The object of requiring the execution of wills to conform to a statutory formula in order to render them valid is to prevent fraud upon heirs at law in the distribution of the estate of their ancestors, and courts in the construction of these provisions should have this object in mind, in order to sustain the execution, and should not place such a liberal construction that the object of the statute would be destroyed. But when all the provisions of the statute are followed, the order in which the signatures of the testator and the witnesses are affixed to the will is not essential."

In **Keye v. Feuchter, 56 Oh St 424,** the Court says:

"One essential to the admission of a paper writing purporting to be a will to probate is that it shall have been acknowledged by the maker as his will, and his signature also acknowledged, in the presence of the two subscribing witnesses."

The facts in this case are somewhat similar to the case at bar in that one of the attesting witnesses signed before the

testator and who did not sign immediately thereafter. At page 432 the Court says:

"One of the subscribing witnesses having deceased, his signature was duly proven. This had the effect in law of proof that the purported will had been duly acknowledged in the presence of that witness. By the testimony of the other witness it was shown affirmatively that the alleged will was not executed and acknowledged in accordance with the statute, in that there was no acknowledgment by the maker either of the paper as his will; or of his signature thereto, in the presence of that subscribing witness."

It has been held in the absence of evidence to the contrary, it will be presumed ordinarily that the testator signed the will before the witnesses subscribed their names thereto. 39 A. L. R. p. 934; Peverett's Goods, L. R. (1902) Prob. (Eng.) 205; Mundy v. Mundy (1858) 15 N. J. Eq. 290; Allen v. Griffin (1887) 69 Wis. 529, 35 N. W. 21. See also Thomson v. Hall (1852) 16 Jur. (Eng.) 1144; Welty v. Welty (1855) 8 Md. 15. But this presumption does not prevail where it appears that the witnesses did not see the testator sign and that only the attestation clause of the will was exhibited to them at the time they subscribed, the balance of the will being concealed from them. Tobin v. Haack (1900) 79 Minn. 101, 81 N. W. 758; Re Mackay (1888) 110 N. Y. 611, 1 L. R. A. 491, 6 Am. St. Rep. 409, 18 N. E. 433, affirming (1887) 44 Hun, 571.

Counsel for the appellant have cited numerous cases none of which are on all fours with the case at bar. In each of its cited cases it appears that at least one of the subscribing witnesses either saw the testatrix's signature or saw the face of the paper containing the same. Here neither of the subscribing witnesses saw the testatrix's signature to the will at any time and no other proof was offered tending to show that it was signed by the testatrix prior to that of the witnesses. Since the presumption does not prevail here that the testatrix signed the will before the subscribing witnesses, it became necessary to produce evidence tending to establish this fact and which was not forthcoming.

Finding no error in the record the judgment of the Probate Court will be affirmed.

HORNBECK, PJ, and WISEMAN, J, concur.