### LaMAR, In re Will.

Probate Court, Montgomery County.

No. 138574. Decided July 29, 1957.

Harshman, Young, Colvin & Alexander, Dayton, for the proponent.
David J. Weinberg, Dayton, for the opponent.

(ZIEGEL, J, of Preble County sitting by assignment in Montgomery County.)

## OPINION

By ZIEGEL, J. (sitting by assignment).

An application to admit to probate and record a paper writing purporting to be the last will and testament of Leona A. LaMar is being contested in the case now before the Court. From the record the Court finds the material facts of this inquiry to be as follows:

On a Saturday in 1956, the exact date being unknown, but sometime in early spring, Mrs. LaMar telephoned Carrie Eshelman, one of the witnesses, to inquire whether she and her daughter, Carolyn Eshelman, the other witness, were going to be home on Sunday. Mrs. LaMar indicated that she had a paper which she wanted them to sign. While it is not clear just how either of the witnesses knew what she wanted them to sign, each definitely understood that it was her "will." As scheduled, Mrs. LaMar came to the Eshelman home and the two witnesses subscribed the paper. The paper writing is typed, is obviously professionally drawn and on its face in the form of a will, with all signatures in proper place, including standard attestation clause. Each witness testified that at the time they signed their names to the paper it was so folded that they could see nothing but the places where they signed. Each definitely testified that at no time on that particular Sunday did either of them see Mrs. LaMar's signature on the paper. Each testified, however, upon examining the penned signature "Leona A. LaMar" in court, that it definitely was Mrs. LaMar's signature; that each of them had known her for many years and had from time to time corresponded with her, and that each of them was well acquainted with her signature. The instrument in question was dated February 29, 1956, a day which fell on a Wednesday.

Sec. 2107.03 R. C., provides the method of making a will as follows:

"Except oral wills, every last will and testament shall be in writing, but may be handwritten or typewritten. Such will shall be signed at the end by the party making it, or by some other person in such party's presence and at his express direction, and be attested and subscribed in the presence of such party, by two or more competent witnesses, who saw the testator subscribe, or heard him acknowledge his signature."

Sec. 2107.18 R. C., provides for the admission of a will to probate as follows:

"The probate court shall admit a will to probate if it appears that such will was attested and executed according to the law in force at the time of execution in the state where executed, or according to the law in force in this state at the time of death, or according to the

law in force in the state where the testator was domiciled at the time of his death, and if it appears that the testator at the time of executing such will was of full age, of sound mind and memory, and not under restraint."

There is no question that Mrs. LaMar was of full age, of sound mind and memory, and not under any restraint. The only question is whether or not the writing purporting to be her last will and testament was executed as provided in §2107.03 R. C. Issue is drawn as to whether or not the alleged will was "attested and subscribed . . . by two or more competent witnesses, who saw the testator subscribe, or heard him acknowledge his signature."

Initially it must be pointed out that the Court recognizes that a proceedings to admit a will to probate and record is not an adversary one. **In re Hathaway's Will, 4 Oh St 383.** The probate court does not weigh the evidence. As §2107.18 R. C., states, it is sufficient "if it appears" that the will was properly executed. "A prima facie case in favor of the validity of the will is all that is required, and when all the evidence shows as a matter of law that such a case is made out, the court must admit the will to probate, even though the evidence is conflicting." **In re Will of Elvin, 146 Oh St 448; 32 O. O. 534, 66 N. E. (2d) 629.** A "prima facie case" is most recently defined as "one in which evidence in favor of a proposition is sufficient to support a finding in its favor, if all of the evidence to the contrary be disregarded." **Roosa v. Wickward, 90 Oh Ap 213; 47 O. O. 207; 105 N. E. (2d), 454.**

In the case at bar, each witness to the will testified that she did not see Mrs. LaMar sign the paper writing in question. Each testified that at the time she subscribed her name as witness she did not see the signature of Leona A. LaMar. There is thus no direct testimony whatsoever by the witnesses that either of them "saw the testator subscribe, or heard him acknowledge his signature." While a prima facie case cannot possibly be made out here insofar as the witnesses seeing the testatrix sign the instrument is concerned, the proponent contends that a prima facie case of an acknowledgment of her signature may be implied from the surrounding circumstances.

The doctrine of implied acknowledgment has been clearly established by the Supreme Court since **Raudebaugh v. Shelley, 6 Oh St 307,** decided in 1856. The second syllabus is as follows:

"Where an attesting witness as to a will did not see the testator subscribe his name to the instrument, the acknowledgment of the fact by the testator in the hearing of the witness, which is requisite, is not required to be made in any particular words or any specified manner; but if, by signs, motions, conduct or attending circumstances, the attesting witness is given to understand, by the testator, that he had already subscribed the paper as his will, it is a sufficient acknowledgment."

This point of view is followed in **Haynes v. Haynes, 33 Oh St 598; In re Will of Fisher, 67 Oh Ap 6, 21 O. O. 44, 35 N. E. (2d), 784;** In re Will of Wood, 67 N. E. (2d), 11 (a case from this Court); **In re Estate of Schulz, 102 Oh Ap 486, 136 N. E. (2d), 730; Roosa v. Wickward, 90 Oh Ap**

213, 47 O. O. 207, 105 N. E. (2d), 454; **Blagg v. Blagg, 55 Oh Ap 518, 9 O. O. 181, 9 N. E. (2d), 991.**

In each of the above cited cases there were, however, some definite facts upon which an implication of acknowledgment could be based. In the Raudebaugh case, supra, the signature of the testator was exposed and could have been seen by the witnesses. This being a will contest proceedings, it was held to be a question of fact for the jury as to whether the testator acknowledged his signature. In the Haynes case, supra, also a will contest proceedings, the will was signed for the testator by another at the testator's direction but out of the presence of the witnesses. The evidence was conflicting as to whether the testator had actually acknowledged the signature, and the Court held that whether it was acknowledged was a question of fact for the jury. In the Fisher case, supra, testatrix asked the witnesseses to "witness my will." Neither witness testified as to seeing her signature on the paper. However, the instrument was typewritten except for the signatures, and one witness did say she saw some writing. In addition, the attorney-scrivener, who was also present when the instrument was executed, testified as to its due execution. In reversing the Probate Court which had denied probate, the Court of Appeals held that a prima facie case was established. In the Wood case, supra, one witness actually testified as to acknowledgment. The instrument was folded so that the signature of testatrix would show. This Court thereupon held that a prima facie case for admission to probate had been established. In the Schulz case, supra, neither witness could remember anything about either seeing the testator's signature or hearing her acknowledge it. One witness did not even know she was subscribing a will. The other witness knew she was subscribing a will, and testified that since her husband was a lawyer and was also present at the time, she assumed that everything was in order. On this set of facts, the Court gave weight to the attestation clause and probated the will. In the Blagg case, supra, one witness testified that he did not know what he was signing, and could not say positively that the testator's signature was not on the will. The other witness testified clearly as to acknowledgment of testator's signature, and it was held that a prima facie case was made out.

It is to be noted that in each of the above mentioned cases that there was some little fact or circumstances upon which an inference could be raised to the effect that the testator had actually signed the instrument before the witnesses subscribed. As is pointed out in the Blagg case, the testator must sign before the witnesses, for the reason that the testator clearly could not acknowledge a future event.

The following cases refused probate because the court could find no facts upon which to base the inference of the testator signing before the witnesses subscribed: **Keyl v. Feuchter, 56 Oh St 424, 47 N. E., 140; In re Borgman's Estate, 61 Abs 429, 105 N. E. (2d), 69;** In re Pittis, 29 N. E. (n. s.), 41. See also In re Will of Phillips, unreported case No. 108404, from this Court. In the Keyl case, supra, where the alleged will was in good form as to appearance, one of the witnesses was

dead, and his signature was duly proved. The other witness testified that he saw no signature of the testator on the will at the time he signed it, and that he did not know he was signing a will. The Supreme Court held that it was shown affirmatively that the alleged will was not executed and acknowledged in accordance with the statute, and the paper writing was therefore denied probate. On a similar set of facts. however, the First District Court of Appeals, in Roosa v. Wickward, supra, without citing the Keyl case, permitted a will to be admitted to probate on the theory that the proof of the signature of the deceased witness raised a presumption of proper execution of the will, which established the prima facie case even though the surviving witness did not see testatrix's signature, and did not know she was witnessing a will.

The Borgman case is factually on all fours with the case at bar. There the attestation clause was on the back of the form. Each witness was asked to witness a will. In order to see testatrix's signature, the paper would have had to be turned over, which was not done. Thus, neither witness testified, could have testified, as to seeing the testatrix's signature. The Second District Court of Appeals affirmed the Franklin County Probate Court and held the paper not entitled to probate and record.

From the foregoing cases, it thus appears that while Ohio courts have been most liberal in permitting an alleged will to be admitted to probate, in the absence of direct testimony that the statute on the method of making a will had been complied with as to signature and acknowledgment, there must be some evidence upon which an inference of implied acknowledgment can be based. In the case at bar, the Court can find no such evidence. There is no conflict in the testimony here. Each witness testified positively that she did not see the decedent's signature at the time she subscribed as witness. There being no conflict in the testimony, the Court is required as a matter of law to determine whether the alleged will was duly attested and executed. Cf. Sears v. Sears, 77 Oh St 104; 82 N. E. 1067. Since neither witness saw the decedent's signature at the time they signed as witnesses, there is no proof that decedent signed before the witnesses subscribed. Since there is no proof that decedent signed before the witnesses did, there can be no implied acknowledgment of a signature not shown to exist at the time an acknowledgment should have taken place.

The paper writing purporting to be the last will and testament of Leona A. LeMar, deceased, will be denied probate.

No. 138574.   Decided October 11, 1957.

## OPINION

By ZIEGEL, J. (sitting by assignment).

An interlocutory order denying probate to an instrument purporting to be the will of Leona A. LaMar, deceased, having been entered as provided in §2107.181 R. C., and further notice having been given as provided therein, this cause is now before the Court for decision on final hearing.

At the final hearing, the two witnesses to the instrument, who had previously testified at the original hearing, were recalled. The only matter not brought out at the first hearing was elicited over objection to the effect that the decedent was a woman of some business experience; and that, because of her business experience, the witness was certain that she had signed the instrument before the witnesses attested even though the witnesses neither saw the decedent's signature nor heard her acknowledge the same.

This court does not believe that such testimony raises any implication of acknowledgement by the decedent of her signature. This is not a case in which the witnesses could not remember what had happened at the time they were asked to sign the instrument. Each one of them remembered very clearly the incidents of the occasion. Each unequivocally testified that she neither saw the decedent sign the instrument nor heard her acknowledge her signature. Further, while there was some testimony concerning the decedent's business experience, there was none to show that she had had any legal training or specific experience with the execution of a will. Thus the court holds that the doctrine enunciated in **In re Estate of Schulz, 102 Oh Ap 486, 136 N. E. (2d), 730,** does not apply here.

The original opinion in this cause and a supplemental brief prepared by counsel for the proponents crossed in the mails. As a result, no consideration was given to the arguments there presented. In that memorandum, the recent case of **In re Estate of Lyons, 166 Oh St 207,** which was not considered in our original opinion, was cited. The statement of law made in that case is consistent with our holding here. Paragraph 1 of the syllabus provides as follows:

"In determining whether a will which is presented for probate and which is complete and regular in appearance and which apparently complies with all formalities should be admitted to probate, the Probate Court is not authorized to determine as a fact whether such will has been attested and executed according to law, but is merely required to determine whether there is substantial evidence tending to prove that fact, i. e., evidence which will enable a finding of that fact by reasonable minds."

There were three witnesses to the Lyons case will, one of whom testified in detail concerning the proper execution of the will. Thus, there was in that case "evidence which will enable a finding of that fact by reasonable minds." The Supreme Court, therefore, simply held that the Probate Court was not authorized to weigh the testimony in a proceeding to admit a will to probate. In the case at bar there is no testimony to weigh concerning the lawful execution of the purported will in question.

Counsel for the opponent may prepare a final order for the court's signature refusing to probate the instrument in question.